E-Filed: 12-20-11

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA BOHN, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff[s],<br><br>vs.<br><br>PHARMAVITE, LLC, a California limited liability company,<br><br>Defendant[s]. | No. CV 11-10430-GHK(AGRx)<br><br><u>ORDER RE: CASE MANAGEMENT</u><br>(REVISED AS OF JANUARY, 2008)<br><br><u>READ IMMEDIATELY</u> |

This case has been assigned to the calendar of Judge George H. King. The court fully adheres to Rule 1 of the Federal Rules of Civil Procedure, which requires that the Rules be "construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding."

Counsel shall also be guided by the following special requirements, some of which are more specific than those set out in the Local Rules:

1. SERVICE: Plaintiff shall **promptly** serve the Complaint in accordance with Federal Rule of Civil Procedure 4, and file proofs of service pursuant to Local Rule 5-3.1.

1  2.  ATTENDANCE AT PROCEEDINGS:  The attorney attending any proceeding before this court **must** be the attorney who is primarily responsible for the conduct of the case.

3.  **COURTESY COPIES:  A courtesy copy of all papers filed with the court SHALL be delivered to chambers at Room 660, Roybal Federal Building, no later than 12:00 noon the following business day.  ALL courtesy copies SHALL fully comply with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5.  The filing party and their counsel MAY BE SUBJECT TO SANCTIONS for failure to deliver a courtesy copy in full compliance with this Order and Local Rule 11-3.**

4.  FILING OF MOTIONS:

   a.  Motions shall be filed and set for hearing in accordance with Local Rules 6-1 through 7-20.  Motions shall be set on Mondays at 9:30 a.m., unless otherwise ordered by the Court.  If a Monday is a court holiday, no motions shall be set on the succeeding Tuesday.  Any motions noticed for a holiday shall automatically be continued to the next motion calendar date.

   b.  Counsel should take note that Local Rule 11-6 limits all memoranda of points and authorities to "25 pages in length, excluding indices and exhibits, unless permitted by order of the judge."  The Court is of the view that the 25-page limitation is more than adequate for counsel to set forth his/her points and authorities, especially if counsel carefully reviews and edits the memorandum to ensure a concise and focused presentation.  Accordingly, routine requests to exceed the page limitation will be denied.  Leave to exceed the page limitation will be granted only in extraordinary circumstances where counsel makes an adequate showing of specific facts in support of an application to exceed the page limitation.

   c. Generally, the court will rule on motions on the papers submitted, and without oral argument. Accordingly, counsel are advised to place all authorities and arguments in their moving or opposing papers. Counsel are reminded that a reply shall be limited to argument and/or authorities responsive to the opposition papers. Any improper introduction of new matter in the reply will be ignored by the court.

5. MOTIONS TO DISMISS:

   a. Unless clearly justified under the circumstances of the case, "motions to dismiss or in the alternative for summary adjudication" are discouraged. These composite motions tend to blur the legitimate distinctions between the two motions, which have different purposes. Frequently, the composite motions introduce evidence that is extrinsic to the pleadings. On the one hand, such evidence is improper for consideration on a Fed. R. Civ. P. 12(b)(6) motion, while on the other hand, treatment of the motion as a Rule 56 motion frequently results in reasonable invocation of Rule 56(f) by the non-moving party.

   b. Moreover, Rule 12(b)(6) motions are discouraged unless counsel has a good faith belief that such motions will likely result in dismissal, without leave to amend, of all or at least some of the claims under applicable law.

6. DISPOSITIVE MOTIONS: No party shall file a motion pursuant to Fed. R. Civ. P. 56 until a dispositive motion deadline has been set. Moreover, no party may file more than one motion pursuant to Fed. R. Civ. P. 56, regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication, without leave from the Court.

7. LOCAL RULE 7-3: Among other things, counsel should be aware that Local Rule 7-3 requires that counsel engage in a pre-filing conference "to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any

1 potential resolution." The Court takes this rule seriously, and counsel **shall** discharge
2 their obligations under Local Rule 7-3 in good faith. The purposes of a 7-3 conference
3 are twofold: first, it allows for a possible informal resolution of an issue without court
4 intervention; second, it enables the parties to brief the remaining disputes in a
5 thoughtful, concise, and useful manner. Even if a motion is still necessary after a good
6 faith pre-filing conference, counsel should have sufficiently discussed the issues so that
7 the briefing will be directed to those substantive issues which require resolution by the
8 court. Minor procedural or other non-substantive matters should be resolved by counsel
9 during the course of the conference.

10     a. All 7-3 conferences **shall** take place via a communication
11 method that, at a minimum, allows all parties to be in realtime
12 communication (letters and e-mail, for example, would not allow for a
13 proper 7-3 conference). *See generally* Cal. Corp. Code § 307(a)(6) (method
14 for conducting corporate board meetings).

15     b. Notwithstanding Local Rule 16-12(c), the parties in cases in
16 which the plaintiff is appearing *pro se* are **required** to meet and confer in
17 compliance with Local Rule 7-3 unless the *pro se* plaintiff is incarcerated.

18     c. Notwithstanding the exception for preliminary injunction
19 motions in Local Rule 7-3, counsel contemplating a preliminary injunction
20 motion are **required** to meet and confer, in substantive compliance with
21 Local Rule 7-3, at least five days prior to the filing of such a motion.

22     8. DISCOVERY: **ALL DISCOVERY MATTERS ARE REFERRED TO**
23 **A UNITED STATES MAGISTRATE JUDGE** (see initials in parentheses following
24 the case number). Discovery disputes of a significant nature should be brought promptly
25 before the Magistrate Judge. The court does not look favorably upon delay resulting
26 from unnecessarily unresolved discovery disputes. Counsel are directed to contact the
27 clerk for the assigned Magistrate Judge to schedule matters for hearing. The words
28

1  "DISCOVERY MATTER" shall appear in the caption of all documents relating to
2  discovery to ensure proper routing.
3        The decision of the Magistrate Judge shall be final and binding, subject to
4  modification by the District Judge only where it has been shown that the Magistrate
5  Judge's order is clearly erroneous, contrary to law, or an abuse of discretion.
6        9.    *EX PARTE* APPLICATIONS:  *Ex parte* applications are considered on the
7  papers and are not normally set for hearing.  Counsel are advised to file and serve their
8  *ex parte* applications as soon as they realize that extraordinary relief is necessary.  This
9  court entertains *ex parte* applications only in extraordinary circumstances; sanctions may
10  be imposed for misuse of the *ex parte* process.  *McVay v. Fedex Ground, et al.*, 2003 WL
11  22769080, *2 (C.D. Cal. July 21, 2003); *see also In re Intermagnetics Am., Inc.*, 101
12  B.R. 191 (C.D. Cal. 1989).  The requesting party shall serve the motion by personal
13  delivery or fax, at or before the time the application is filed, and notify the responding
14  party that opposing papers must be filed within 24 hours of such service.  Moreover, at
15  the time of the application, the applicant shall comply with Local Rule 7-19.1, which
16  *inter alia*, requires the applicant to advise the court in writing of the efforts to contact
17  opposing counsel and of that counsel's intention to oppose the application.  The moving
18  party's memorandum and declaration in support of an *ex parte* application shall
19  affirmatively show compliance with Local Rules 7-19 through 7-19.2 and this Order,
20  failing which the application shall be denied.  *See Mission Power Eng'g Co. v. Cont'l
21  Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).
22        10.    TRIAL PREPARATION:   This court strives to set trial dates as early as
23  possible and does not approve of unnecessarily protracted discovery.
24        11.    CONTINUANCES:  Continuances are granted only upon a showing of
25  good cause.  Counsel requesting a continuance **MUST** submit a **DETAILED** declaration
26  setting forth the reason therefor.  Any continuances requested but not accompanied by
27  said declaration will be rejected.  The court sets **FIRM** trial dates and will not change
28  them without a showing of good cause.  "**FIRM** trial dates" are defined as dates on

1  which counsel must be ready to proceed; however, the court may trail the action on 48
2  hours call when necessary (e.g., in the event that a criminal case, an older civil case, or a
3  case otherwise entitled to precedence by law, proceeds to trial on said date, or the court
4  is otherwise occupied with other matters).

5        12.   STIPULATIONS:  **NO** stipulations extending scheduling dates set by this
6  court are effective unless approved by the court.  All stipulations must be accompanied
7  by a **DETAILED** declaration explaining the reason for the stipulation.  Any stipulation
8  not in compliance with this Order or the Local Rules of the Central District will be
9  rejected.  Stipulations shall be submitted well in advance of the relief requested.
10 Counsel wishing to know whether or not a stipulation has been approved shall comply
11 with Local Rule 11-4.5.

12       13.   NOTICE OF REMOVAL:   All documents filed in state court, including
13 answers and documents appended to a complaint, **MUST** be re-filed in this court as a
14 supplement or exhibit to the Notice of Removal.  If an answer has not as yet been filed,
15 said answer or responsive pleading shall be filed in accordance with the Federal Rules of
16 Civil Procedure and the Local Rules.  *See, e.g.*, Fed. R. Civ. P. 81(c).  Any pending
17 motions must be re-noticed in accordance with the Local Rules and this Order.

18       14.   BANKRUPTCY APPEALS:   Counsel shall comply with the Order re:
19 Procedure to Be Followed in Appeal from Bankruptcy Court issued at the time the
20 appeal is filed in the District Court.  The matter is considered submitted upon the filing
21 of the appellant's reply brief.  No oral argument is held unless otherwise ordered by this
22 court.

23       15.   TRANSFERS:   All documents filed in the transferor court **MUST** be re-
24 filed with this Court, within twenty days of transfer, by the party who/that sought
25 transfer.  Such filing **SHALL** be submitted as a "Notice of Filing," with a compilation of
26 all documents, individually tabbed, attached as an appendix.  The notice shall bear a title
27 page containing the information required by Local Rule 11-3.8 and shall otherwise
28

conform with Local Rule 11-3.5 and all other relevant Local Rules. The notice shall also contain a table of contents.

16. NOTICE: Counsel for plaintiff or plaintiff if appearing *pro se* in an action commenced in this court, and counsel for defendant or defendant *pro se* in a removed action, shall serve a copy of this Order on all other parties or their counsel at the earliest possible time. Counsel, or any party required to give notice of this Order, shall file proof of service of such notice within 48 hours of the service of such notice.

**IT IS SO ORDERED**.

DATED: December 20, 2011.

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE