1  Elaine A. Ryan
   Patricia N. Syverson (203111)
2  Lindsey M. Gomez-Gray
   BONNETT, FAIRBOURN, FRIEDMAN
3     & BALINT, P.C.
   2901 N. Central Ave., Suite 1000
4  Phoenix, AZ 85012
   eryan@bffb.com
5  psyverson@bffb.com
   lgomez-gray@bffb.com
6  Telephone: (602) 274-1100
   Facsimile: (602) 274-1199
7
   Attorneys for Plaintiff Rebecca Bohn
8
   René P. Tatro (State Bar No. 78383)
9  Juliet A. Markowitz (State Bar No. 164038)
   TATRO TEKOSKY SADWICK LLP
10 333 S. Grand Avenue, Suite 4270
   Los Angeles, CA 90071
11 renetatro@ttsmlaw.com
   jmarkowitz@ttsmlaw.com
12 Telephone:    (213) 225-7171
   Facsimile:    (213) 225-7151
13
   Attorneys for Defendant Pharmavite, LLC
14
   [Additional Counsel Listed on Signature Page]
15

FILED
CLERK, U.S. DISTRICT COURT

AUG - 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA BOHN, On Behalf of Herself and All Others Similarly Situated, | Case No. 2:11-cv-10430-GHK-AGR |
| Plaintiffs, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| v. | Courtroom: 650 |
| PHARMAVITE, LLC, a California limited liability company, | Judge: Honorable George H. King |
| Defendant. | |

GOOD CAUSE APPEARING THEREFOR, in light of the Stipulation For Entry Of Protective Order by and between Plaintiff Rebecca Bohn and defendant Pharmavite, LLC ("Pharmavite"), the Court enters this Protective Order in regard to certain discovery material to be made available by Pharmavite. This discovery material includes trade secrets and confidential, proprietary and non-public documents and information, the public disclosure of

which could be detrimental to the interests of Pharmavite and/or related corporate entities; documents which may contain information that is personal and confidential to third parties, including individuals; and documents and information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation). The parties have stipulated that the above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation. This Protective Order shall govern certain documents, written discovery, and testimony obtained by the parties in connection with pre-trial proceedings in this action.

I.   **DEFINITIONS**

1.   **Disclosure or Discovery Material**:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are voluntarily exchanged, produced or generated by any Party or non-party in disclosures or responses to discovery in this matter.

2.   **"Confidential" Material**:  information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and any other information that would qualify as Confidential pursuant to the applicable legal standard.

3.   **"Highly Confidential–Attorneys' Eyes Only" Material**:   certain limited "Confidential" material or information that is competitively sensitive and constitutes or contains: (1) technical information such as product design, (2) information within the definition of trade secret provided by state or federal law, (3) formulae or source code, (4) research and development information, (5) customer lists, (6) sales, cost, pricing, or other financial information, (7) plans for strategic business initiatives or marketing plans, or (8) any other information that contains the Designating Party's trade secrets or other confidential research,

1

1   development, or commercial or financial information of an extremely sensitive nature that may
2   cause significant competitive harm to the Designating Party if disclosed to persons other than
3   those described in Section II, Paragraph 7, below.

4       4.      **Protected Material**:  any Disclosure or Discovery Material that is designated as
5   "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

6       5.      **Expert:**  a person with specialized knowledge or experience in a matter pertinent
7   to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or
8   as a consultant in this action and who has been approved to receive Protected Material in
9   accordance with Section III, below.

10      6.      **Professional Vendors**:  persons or entities that provide litigation support services
11  (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,
12  storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

13  **II.    DESIGNATION AND TREATMENT OF PROTECTED MATERIALS**

14      1.      In order to facilitate production of documents and other discovery in this matter,
15  any Producing Party may, by written notice, or by a statement on the record at a deposition,
16  designate any Disclosure or Discovery Material as "Confidential" or "Highly Confidential –
17  Attorneys' Eyes Only" (hereinafter "Highly Confidential"), under the terms of this Order.

18      2.      By designating Disclosure or Discovery Material as "Confidential" or "Highly
19  Confidential" the Designating Party is certifying to the Court that there is a good faith basis in
20  both law and fact for the designation within the meaning of Federal Rule of Civil Procedure
21  26(g).  Confidential Material shall be so designated by clearly labeling, stamping or otherwise
22  marking the top or bottom of each page of the designated Material with the legend
23  "CONFIDENTIAL" (the "Confidential Legend"), including each page of any electronically
24  produced document.  Highly Confidential Material shall be so designated by clearly labeling,
25  stamping or otherwise marking the top or bottom of each page of the designated Material with
26  the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Highly
27  Confidential Legend"), including each page of any electronically produced document.  Any such
28  stamp or designation shall not in any manner cover up, overlap upon, obscure or otherwise

1   conceal any text, picture, drawing, graph or other communication or depiction in the document.
2   In the case of Confidential Information disclosed in a non-paper medium (*e.g.*, videotape,
3   audiotape, computer disks, etc.), the appropriate designation shall be affixed on the outside of the
4   medium or its container so as to clearly give notice of the designation.

5       3.      Any Party or non-party may also designate testimony or exhibits, or portions
6   thereof, given in deposition or pre-trial proceedings as Confidential Material or Highly
7   Confidential Material, by having its attorney orally designate such testimony or exhibits, or
8   portions thereof, during the proceeding.  The deposition or court reporter shall be instructed to
9   clearly mark the designated testimony, and each designated exhibit with the Confidential Legend
10  or Highly Confidential Legend, as appropriate.   Alternatively, any Party may designate
11  testimony or exhibits, or any portion thereof, as Confidential Material or Highly Confidential
12  Material by providing written notice to all parties within thirty (30) calendar days following
13  receipt of the transcript, of those portions of the transcript or exhibits which are to be considered
14  Confidential Material or Highly Confidential Material.   During this period of review, all
15  transcripts will be automatically designated Highly Confidential, labeled as such and accorded
16  all protections for such material.

17      4.      A Party may designate as "Confidential" or "Highly Confidential" any material
18  produced by a non-party by providing written notice to all parties within thirty (30) calendar
19  days after receiving such material, and providing a copy of the material which the Designating
20  Party has clearly labeled, stamped or otherwise marked with the Confidential Legend or Highly
21  Confidential Legend and the additional words "as designated by [Party]", for example
22  "CONFIDENTIAL as designated by PHARMAVITE, LLC."  This Stipulated Protective Order
23  shall not limit the ability of any Party or non-party to voluntarily disclose to others any Protected
24  Material that originates from that Party or non-party.

25      5.      In the event that another Party disagrees with a Party's designation of any
26  document or information as "Confidential" or "Highly Confidential," the objecting Party shall
27  advise counsel for the Designating Party, in writing, of the objection and identify the document
28  or item with sufficient specificity to permit identification.  Within twenty (20) days of receiving

1   the objection, the Designating Party shall advise the objecting Party's counsel whether the

2   Designating Party will change the designation of the document or item.  If this cannot be

3   resolved between the parties, then the dispute will be presented to the Court by motion or

4   application. otherwise.  During the pendency of any such motion, the designated document or item shall

5   continue to be treated as a stamped "Confidential" or "Highly Confidential" document and

6   subject to the provisions of this Order.  On the hearing of any such motion, the burden shall be

7   on the Designating Party to establish that the designated document or item should be deemed

8   "Confidential" or "Highly Confidential."

9       6.      Unless otherwise ordered by the Court or permitted in writing by the Designating

10  Party, the Receiving Party may disclose any information or item designated "Confidential" only

11  to "Qualified Persons," who are defined to consist solely of:

12          a.      The Receiving Party's Counsel in this action, as well as employees of said

13  Counsel to whom it is reasonably necessary to disclose the information for this litigation;

14          b.      The officers, directors, owners, members, partners, trustees, beneficiaries,

15  and employees of the Receiving Party or named plaintiff(s), to whom disclosure is reasonably

16  necessary for this litigation;

17          c.      Experts (as defined in this Stipulated Protective Order) of the Receiving

18  Party who have been approved in accordance with Section III, below, and their administrative

19  support staff if any, to whom disclosure is reasonably necessary for this litigation and who have

20  signed the "Acknowledgement And Agreement To Be Bound By Protective Order" (Exhibit A);

21          d.      The Court and its personnel;

22          e.      Neutral evaluators, mediators or arbitrators assigned to the case by the

23  Court or retained for the case by the mutual agreement of the Parties;

24          f.      Professional Vendors for services such as copying, scanning, or electronic

25  document processing to whom disclosure is reasonably necessary for this litigation;

26          g.      Court reporters and their staff to whom disclosure is reasonably necessary

27  for this litigation;

28

4

h.    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment And Agreement To Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

i.    Any author or recipient of the document or the original source of the information disclosed in the document.

7.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential" only to those persons listed in Paragraph 6, (a),(c) - (i), above.

8.    Protected Material shall not be disclosed or furnished to any person pursuant to paragraphs 6(c) and 6(h) unless that person is informed of this Order and has signed the "Acknowledgement And Agreement To Be Bound By Protective Order," appended hereto as Exhibit A.  It shall be the obligation of counsel providing the information to a Qualified Person to retain a copy of all agreements executed pursuant to this paragraph until sixty (60) days following the final termination of this litigation.

9.    Protected Material must be stored and maintained by the Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to Qualified Person(s) as defined by this Order.

10.    The list of Qualified Person(s) to whom Protected Material may be disclosed may be enlarged by written agreement of all counsel of record.  If any Party proposes to expand the list of Qualified Person(s), the parties will meet and confer regarding such proposal.  If the parties are unable to reach agreement, any Party may bring the issue to the Court for resolution.  Pending resolution by the Court, the list of Qualified Person(s) will not be expanded, and no Protected Material may be disclosed to additional person(s).

11.    Nothing in this Stipulated Protective Order shall impose any restrictions upon the use or disclosure by a Party or witness of any document, material, or information obtained by such Party or witness independently of the discovery proceedings in this action, whether or not

5

1  such document, material, or information is also obtained through discovery proceedings in this

2  action.

3        12.    Entering into, agreeing to, and/or complying with the terms of this Stipulated

4  Protective Order shall not:

5           a.    Operate as an admission by any Party that any particular document,

6  material, or information contains or reflects currently valuable trade secrets or proprietary

7  commercial information; or

8           b.    Prejudice in any way the right of a Party to seek a determination by the

9  Court whether any particular document, material, or information should be subject to the terms

10  of this Stipulated Protective Order, such request and determination to be made in accordance

11  with paragraph 5 above; or

12           c.    Operate as a waiver of any objection of either Party as to the admissibility

13  of a particular document into evidence. Nothing in this Order shall be construed to require any

14  Party to disclose to any other Party any Protected Material, or to prohibit any Party from refusing

15  to disclose Protected Material to any other Party.

16        13.    In the event that any Protected Material is demanded from a Receiving Party by

17  way of subpoena, court order or otherwise, that Receiving Party shall immediately, and in no

18  event more than three (3) court days, notify the Designating Party by telephone and in writing of

19  the demand. The notice given to the Designating Party shall, in all events, be given before any

20  production or disclosure of Protected Material and shall include a copy of the subpoena or court

21  order so as to allow sufficient time for the Designating Party to challenge or resist such

22  production or disclosure.

23        14.    No "Confidential" or "Highly Confidential" document(s) shall be filed with the

24  Court unless counsel secures a Court Order allowing the filing of the document(s) under seal, in

25  compliance with the requirements of Local Rule 5-4.2(b)(3) and 79-5.1. An application to file a

26  document under seal shall be served on opposing counsel, and on the person or entity that has

27  custody and control of the document, if different from opposing counsel. If opposing counsel, or

28  the person or entity who has custody and control of the document, wishes to oppose the

1  application, he/she must contact the chambers of the judge who will rule on the application, to
2  notify the judge's staff that an opposition to the application will be filed.

3      15.    For any document, paper, exhibit, transcript or other thing filed or lodged with the
4  Court, or any portion thereof ("Record"), containing Confidential Material and/or Highly
5  Confidential Material that the Court finds may be filed under seal, the Party filing such Record
6  with the Court shall comply with the requirements of Local Rule 5-4.2(b)(3) and 79-5.1,
7  including placing the confidential portion in a sealed envelope or other appropriately sealed
8  container, with a label indicating the title of this litigation, the nature of the contents, the
9  Confidential Legend and/or Highly Confidential Legend, and a statement which reads
10  substantially as follows: "THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION
11  [AND/OR] HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION AND
12  IS SEALED PURSUANT TO THE [DATE OF THIS PROTECTIVE ORDER] ORDER OF
13  THE COURT AT THE REQUEST OF [REQUESTING PARTY]. IT IS NOT TO BE OPENED
14  NOR ARE THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED TO ANY
15  PERSONS EXCEPT BY ORDER OF THE COURT OR PURSUANT TO CONSENT OF THE
16  PARTIES CLAIMING CONFIDENTIALITY."

17      16.    The foregoing is without prejudice to the right of any Party: (a) to present a
18  motion to the Court under Federal Rule of Civil Procedure 26(c) for a further protective order
19  relating to any Protected Material or relating to any discovery in this litigation; (b) to object to
20  the production of documents it considers not subject to discovery; (c) to apply to the Court for an
21  order compelling production of documents or modification of this Order or for any order
22  permitting disclosure of Protected Material beyond the terms of this Order; or (d) to apply to the
23  Court for an order deeming Disclosure or Discovery Material not "Confidential" or "Highly
24  Confidential."

25      17.    If a Producing Party inadvertently or unintentionally produces to a Receiving
26  Party any documents or information subject to a claim of privilege or immunity from discovery
27  (including but not limited to attorney-client privilege, work product immunity, and immunities
28  created by federal or state statute or regulation), the Producing Party shall, within fifteen

1    (15) days of the discovery of the inadvertent production, give notice to the Receiving Party in

2    writing of the Producing Party's claim of privilege or immunity from discovery. Thereafter, the

3    Receiving Party shall immediately return to the Producing Party the original and all copies of the

4    restricted materials, including copies of the restricted materials disseminated to other persons by

5    the Receiving Party.   The Receiving Party will be deemed to have notice that material is

6    restricted if the Party reasonably should recognize the material is privileged or protected from

7    discovery, or upon written notice by the Producing Party.   Such inadvertent or unintentional

8    disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of

9    privilege or immunity from discovery either as to specific documents and information disclosed

10   or on the same or related subject matter.   In the event that the Receiving Party disagrees with the

11   Producing Party's claim of privilege or immunity from discovery, then the Receiving Party shall

12   notify the Producing Party within five (5) business days of receipt of the Producing Party's

13   written notice of claim of privilege, and shall set forth the precise grounds upon which the

14   Receiving Party's position rests.  If the parties cannot resolve the matter, then the dispute will be

15   presented to the Court by motion or ~~otherwise~~ application.   During the pendency of any such motion, the

16   Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed

17   documents or information, and shall instruct all persons to whom the Receiving Party has

18   disseminated a copy of the documents or information that the documents or information are

19   subject to this Order and may not be copied, distributed, or otherwise used pending the motion

20   and further notice from the Court.

21        18.   If a Producing Party inadvertently or unintentionally produces to a Receiving

22   Party any document or information that the Producing Party failed to designate as "Confidential"

23   or "Highly Confidential," the Producing Party shall, within thirty (30) days of the discovery of

24   the inadvertent production, give notice to the Receiving Party in accordance with the procedure

25   above for reclaiming inadvertently produced privileged documents.   The retrieving Party shall

26   re-produce such documents or material, designating them "Confidential" or "Highly

27   Confidential" as described in paragraph 1 above, as soon as possible after retrieval and no later

28

8

than ten (10) days after retrieval. As used in this Order, an act is "timely" if it does not unduly prejudice another Party.

19.     If the Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party shall immediately notify in writing the Designating Party of the unauthorized disclosure and use its best efforts to retrieve all copies of the Protected Materials. The Receiving Party shall inform the person or persons to whom the unauthorized disclosures were made of the terms of this Order and request that such person or persons execute the "Acknowledgement And Agreement To Be Bound" (Exhibit A) to maintain the protections for material that was improperly disclosed.

20.     All Disclosure or Discovery Materials shall be used solely for the purpose of this litigation. Except by consent of the Producing Party or order of the Court, such discovery materials shall not be used by any Party other than the Producing Party for any outside purpose, including, without limitation, any outside business or outside commercial purpose. No duplications of documents stamped "Confidential" or "Highly Confidential" shall be made except by counsel to provide working copies and for filing in Court under seal.

21.     The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material. All notes, memoranda, reports and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Order as though they were designated Protected Materials.

22.     The provisions of this Order shall not terminate at the conclusion of this lawsuit. Within 60 days after final conclusion of all aspects of this litigation, documents stamped "Confidential" or "Highly Confidential," and all copies of same (other than exhibits of record) either shall be destroyed or returned to the Producing Party. In the event that documents stamped "Confidential" or "Highly Confidential" are produced in electronic form, or are put into

electronic form by the Receiving Party with the consent of the Producing Party, then the Receiving Party shall delete all electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the documents not more than 120 days after final termination of this litigation.

23.     The final determination or settlement of this action as to any or all parties shall not relieve any person who has received Protected Material from the obligations imposed by this Order, and this Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

24.     The Court may modify this Order for good cause, in the interests of justice or for public policy reasons on its own initiative.

## III.     EXPERTS AND CONSULTANTS

Prior to disclosing any Protected Material to any outside experts or consultants retained in connection with this litigation who are currently employees, officers, directors, contractors, subcontractors or consultants of any entity that is presently engaged in the research, development, manufacture or sale of any Vitamin E supplement, or any other supplement, that does now or may in the future compete with Defendant, Plaintiff or his counsel shall promptly so notify the Producing Party, including with such notification: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person; (iv) a listing of consulting projects undertaken by the expert or consultant within the last four (4) years; and (v) an executed copy of the "Agreement to Be Bound by Protective Order" (Exhibit A); and (vi) a current certification that the expert or consultant is not a current officer, director, contractor or employee of a Party or of a competitor of a Party, nor anticipated at the time of the certification to become an officer, director, contractor, or employee of a Party or a competitor of a Party.

1.     Within five (5) business days of receipt of the information described in the paragraph above, the Producing Party may object in writing to the proposed outside expert or

1   consultant for good cause.   In the absence of an objection during the five-day period, the person

2   shall be deemed approved under this Stipulated Protective Order.   If objection to disclosure is

3   made within the time required, the parties shall meet and confer via telephone or in person within

4   five (5) business days following the objection and attempt in good faith to resolve the dispute on

5   an informal basis.   If the dispute is not resolved, the Party objecting to the disclosure will have

6   five (5) business days from the date of the meet and confer to seek relief from the Court.  If relief

7   is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief

8   is sought, designated materials shall not be disclosed to the expert or consultant in question until

9   the objection is resolved by the Court.

10      2.      For purposes of this section, "good cause" shall include, but not necessarily be

11  limited to, an objectively reasonable concern that the expert or consultant, or someone associated

12  therewith, will, advertently or inadvertently, use or disclose confidential information outside of

13  this litigation, or constitute an unreasonable risk thereof.   Experts or consultants authorized to

14  receive Protected Material under this section shall not be a current officer, director, contractor or

15  employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to

16  become an officer, director, contractor, or employee of a Party or a competitor of a Party.

17      3.      The parties agree that the terms of Section III are subject to revision as this

18  litigation proceeds.   The parties shall meet and confer in good faith as to any proposed

19  revision(s) in this Section. Any revisions to this Order shall be effective only upon entry by the

20  Court of a modified stipulated protective order.

21

22  **IT IS SO ORDERED.**

23

24  Dated: August 2, 2012

~~The Honorable George H. King~~
~~United States District Court Judge~~

**ALICIA G. ROSENBERG**
**UNITED STATES MAGISTRATE JUDGE**

11

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, with an address of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Central District of California on _____, 201_, in the case captioned *Bohn v. Pharmavite, LLC*, 2:11-cv-10430-GHK-AGR.

I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court.

I will not utilize any stamped confidential document or other information subject to the Protective Order for any purpose other than this litigation. I further affirm that I will not reveal the confidential information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

At the termination of this litigation, I will return all documents marked "Confidential," or "For Counsel Only," or "Highly Confidential," as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

I hereby appoint [NAME] of [FIRM NAME AND ADDRESS] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Executed on _____, 201_, at [CITY AND STATE].


Signature: _____

12