René P. Tatro (State Bar No. 78383)
Juliet A. Markowitz (State Bar No. 164038)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA  90071
Telephone:  (213) 225-7171
Facsimile:   (213) 225-7151
Email: renetatro@ttsmlaw.com
         jmarkowitz@ttsmlaw.com

Joseph M. Price (*Admitted pro hac vice*)
Bridget M. Ahmann (*Admitted pro hac vice*)
Shane A. Anderson (*Admitted pro hac vice*)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile:  (612) 766-1600
Email:     Joseph.Price@FaegreBD.com
           Bridget.Ahmann@FaegreBD.com
           Shane.Anderson@FaegreBD.com

Attorneys for Defendant Pharmavite LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA BOHN, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMAVITE, LLC, a California limited liability company,<br><br>Defendant. | Case No. 2:11-cv-10430-GHK-AGR<br><br>**DEFENDANT'S *EX PARTE* APPLICATION FOR LEAVE TO FILE AN OVERSIZE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY CLASS;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Declaration of Juliet A. Markowitz and Proposed Order submitted herewith]*<br><br>The Hon. George H. King |

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

**Case No. 2:11-cv-04153-CAS**     *Ex Parte* **App. For Leave to File an Oversize Mem. in Opp. to Pl's Mot. for Class Cert.**

## EX PARTE APPLICATION

Defendant Pharmavite LLC ("Pharmavite") respectfully requests the Court's leave to file an oversize brief of up to 35 pages in opposition to Plaintiff's Motion for Class Certification (Doc. 61).  Pharmavite's opposition brief is due on February 8, 2013.  This motion is made following the conference of counsel pursuant to C.D. Cal.Civ.LR 7-3 which took place on January 29, 2013.  Plaintiff's counsel indicated that Plaintiff takes no position on Pharmavite's request for leave to file an overlong brief.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pharmavite and its attorneys are mindful of the Court's admonition that it will reject "routine requests" for additional pages and will grant such requests only in "extraordinary circumstances."  Doc. 6 at 2.  Pharmavite submits that the convergence of several unusual circumstances provide such justification here.

<u>First</u>, as noted in Pharmavite's separate motion to strike (which Pharmavite anticipates filing shortly), Plaintiff submitted her Motion for Class Certification without meeting or conferring with Pharmavite's attorneys as required by Local Rule 7-3, the Court's scheduling orders, and the Court's order on Pharmavite's motion to dismiss (Doc. 35 at 3, fn.1).  As a result, issues that likely could have been clarified or narrowed before the motion (*e.g.*, how a single class representative can represent two different classes under two different states' laws based on a single purchase) must be addressed in full in Pharmavite's response.

<u>Second</u>, although Plaintiff's supporting memorandum proposes several class definitions, it offers the Court little guidance as to the specific issues and, in particular, the specific defenses that Plaintiff claims are suitable for treatment on a class-wide basis.  For example, although Plaintiff seeks class certification of classes defined in terms of California's Unfair Competition Law ("UCL") and Consumers Legal Remedies Act and Illinois's Consumer Fraud and Deceptive Businesses Act, her memorandum fails to address whether or how any of the purchaser-specific

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

1

Case No. 2:11-cv-04153-CAS      *Ex Parte* App. For Leave to File an Oversize Mem. in Opp. to Pl's Mot. for Class Cert.

defenses that Pharmavite has raised to those claims in its answer could be treated on a class-wide basis.  As the Court is aware, any class certification order under Rule 23 must define not only the class but also "the class claims, issues, and defenses."  Fed. R. Civ. P. 23(c)(1)(B).  Plaintiff's omission of these elements from her motion, and particularly her omission of any mention of Pharmavite's likely defenses (collective and individual), forces Pharmavite to devote space and discussion to those elements in its response.

Third, although Plaintiff proposes a 17-state class applying California law, her memorandum offers no analysis of California choice-of-law doctrine that would justify the extraterritorial application of California law.  Instead, Plaintiff attaches to her memorandum as Exhibit 20 a 10-page "UCL Multi-Class Law Chart" (Doc. 61-24) that argues her interpretation of the laws of the 17 states.  In Pharmavite's view, Plaintiff's chart misstates or misinterprets the statutes of many of these states, most of which in fact differ from California's UCL in outcome-determinative ways, meaning that Pharmavite must discuss these various differences in its response.  Addressing Plaintiff's 10-page chart, however, will take substantial space in Pharmavite's brief.

Fourth, Plaintiff's motion depends on her repeated assertion—always offered without citation to any record evidence—that Pharmavite's Vitamin E label notation concerning heart health is the only health benefit mentioned on the product label and the only possible reason that anyone would buy Pharmavite's Vitamin E products.  *See, e*.g., Doc. 61-1 (Plaintiff's Opening Brief) at 1, 2.  This assertion is demonstrably false, and Pharmavite intends to document to the Court both the real content of the label and a variety of different reasons that people falling within Plaintiff's class definition both could and did purchase Vitamin E.  But again, Pharmavite will need considerably more space to rebut Plaintiff's assertion with analysis and documentary support than Plaintiff needed to make the unsupported assertions in the first instance.

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

2

Case No. 2:11-cv-04153-CAS          *Ex Parte* App. For Leave to File an Oversize Mem. in Opp. to Pl's Mot. for Class Cert.

<u>Finally</u>, although Plaintiff's motion asserts that she is a suitable representative for the entire class and that her interests are "fully aligned with those of the class" (Doc. 61-1 at 14), her opening memorandum provides no information whatever about herself to support that assertion. In fact, discovery has revealed a number of issues regarding Plaintiff that undermine any such alignment of interests, including her own practice as a Registered Nurse, credibility issues in her discovery responses, and her previous experience as a named class-action plaintiff using this same lead attorney. Filling in these blanks left by Plaintiff's memorandum will require additional space.

## CONCLUSION

For the reasons set forth above, defendant Pharmavite urges the Court to grant its motion and to permit it to file a brief of up to 35 pages in opposition to Plaintiff's Motion for Class Certification.

## PLAINTIFF'S COUNSEL

In accordance with Local Rule 7-19, the counsel for Plaintiff are as follows:

Patricia N. Syverson, Esq.
Bonnett, Fairbourn, Friedman & Balint, P.C.
2325 E. Camelback Road, Ste 300
Phoenix, AZ  85016
psyverson@bffb.com
Telephone: (602) 274-1100

Stewart M. Weltman, Esq.
Stewart M. Weltman, LLC
122 S. Michigan Avenue, Suite 1850
Chicago, IL 60603
sweltman@weltmanlawfirm.com
Telephone: (312) 588-5033

Manfred Muecke, Esq.
Bonnett Fairbourn Friedman & Balint, PC
600 W. Broadway, Ste 900
San Diego, CA  92101

Tatro Tekosky Sadwick LLP
ATTORNEYS AT LAW

3

Case No. 2:11-cv-04153-CAS    *Ex Parte* App. For Leave to File an Oversize Mem. in Opp. to Pl's Mot. for Class Cert.

| | |
|---|---|
| 1 | mmuecke@bffb.com |
| 2 | Telephone: (619) 756-6978 |
| 3 | Howard J. Sedran, Esq. |
| 4 | Levin Fishbein Sedran & Berman |
|   | 510 Walnut Street |
| 5 | Philadelphia, Pennsylvania 19106 |
|   | hsedran@lfsblaw.com |
| 6 | Telephone: (215) 592-1500 |

Dated: January 30, 2013           TATRO TEKOSKY SADWICK LLP

                                  By:___/s/ *Juliet A. Markowitz*_____
                                      Juliet A. Markowitz, Esq.
                                      Attorneys for Defendant
                                      Pharmavite LLC

Dated: January 30, 2013           FAEGRE BAKER DANIELS LLP

                                  By:___/s/ *Bridget M. Ahmann*_____
                                      Bridget M. Ahmann, Esq.
                                      Attorneys for Defendant
                                      Pharmavite LLC

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

4

**Case No. 2:11-cv-04153-CAS**           ***Ex Parte* App. For Leave to File an Oversize Mem. in Opp. to Pl's Mot. for Class Cert.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2013, I electronically filed

**DEFENDANT'S *EX PARTE* APPLICATION FOR LEAVE TO FILE AN OVERSIZE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY CLASS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Patricia N. Syverson, Esq.
Bonnett, Fairbourn, Friedman & Balint, P.C.
2325 E. Camelback Road, Ste 300
Phoenix, AZ  85016
psyverson@bffb.com

Stewart Weltman, Esq.
122 S. Michigan Avenue, Suite 1850
Chicago, IL 60603
(Of Counsel Levin Fishbein Sedran & Berman)
sweltman@weltmanlawfirm.com

Manfred Muecke, Esq.
BONNETT FAIRBOURN FRIEDMAN
 & BALINT, PC
600 W. Broadway, Ste 900
San Diego, CA  92101
mmuecke@bffb.com

**Howard J. Sedran, Esq.**
**Levin Fishbein Sedran & Berman**
**510 Walnut Street**
**Philadelphia, PA  19106**
**hsedran@lfsblaw.com**

And via

BY FACSIMILE
__x__   The within document(s) was/were served on the interested party(ies) in said action via facsimile transmission from the following fax number (213) 225-7151.

 /s/ *Karen L. Roberts*
Karen L. Roberts