BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Elaine A. Ryan
Patricia N. Syverson (203111)
Lindsey M. Gomez-Gray
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
lgomez-gray@bffb.com
Telephone: (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Manfred Muecke (222893)
600 W. Broadway, Suite 900
San Diego, California 92101
mmuecke@bffb.com
Telephone: (619) 756-7748

STEWART M. WELTMAN, LLC
Stewart M.Weltman
122 S. Michigan Avenue, Suite 1850
Chicago, IL 60603
sweltman@weltmanlawfirm.com
Telephone: (312) 588-5033
(Of Counsel Levin Fishbein Sedran & Berman)

LEVIN FISHBEIN SEDRAN & BERMAN
Howard J. Sedran
510 Walnut Street
Philadelphia, Pennsylvania 19106
hsedran@lfsblaw.com
T: (215) 592-1500
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA BOHN, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMAVITE, LLC, a California limited liability company,<br><br>Defendant. | Case No.: 2:11-cv-10430-GHK-AGR<br><br>CLASS ACTION<br><br>**PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR LEAVE TO FILE AN OVERSIZE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY CLASS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: The Hon. George H. King<br>Courtroom: 650 |

Plaintiff Rebecca Bohn ("Plaintiff"), on behalf of herself and all others similarly situated (the "Class"), submits Plaintiff's Opposition to *Ex Parte* Application for Leave to File and Oversize Memorandum in Opposition to Plaintiff's Motion to Certify Class, and states as follows:

While Plaintiff has taken no position on Defendant's request for leave to file a brief in excess of the page limit, the argumentative, lengthy and inaccurate nature of Defendant's motion requires that Plaintiff respond. Instead of merely requesting leave to file in excess of the 25-page limit, Defendant has taken the opportunity to essentially pre-argue the class certification issues and pre-argue a yet-to-be-filed motion to strike for a purported failure to meet and confer regarding Plaintiff's Class Certification Motion. Thus, in what should have been a routine motion, in the guise of setting forth why Defendant purportedly needs to exceed the page limit by 10 pages (when, by the way, Plaintiff did not), Defendant engages in merits arguments. Because of the inaccuracies in Defendant's three-page pre-brief, Plaintiff feels compelled to respond.

First, Plaintiff and her counsel did not violate Local Rule 7-3. The parties engaged in a dialogue regarding the class certification motion in connection with the Joint Status report in which Defendant flatly stated that it intended to contest class certification on all fronts. Moreover, even it were the case that the parties had not fully completed their meet and confer obligations (which is not the case - best exemplified by the fact that both requested a class certification briefing schedule in their joint status report and just recently jointly stipulated to an extension of that schedule) this should not result in Defendant seeking a motion to strike as it now apparently plans. *See, e.g., Thomas v. Baca*, 231 F.R.D. 397, 404 (C.D. Cal. 2005) (the court found a failure to meet and confer under Local Rule 7-3 should not serve as a basis to deny a motion where "[i]t does not appear that any informal resolution of this motion is possible: the plaintiffs clearly seek Rule 23 certification and the defendants clearly oppose such an action"; nor did the court find "any benefit would result from vacating this motion again

1  and ordering the parties' attorneys to meet and confer"); *see also Clark v. Time Warner Cable*, No. CV 07 1797 VBF(RCX), 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007) (at most, a failure to fully meet and confer on class certification issues should result in a short postponement of the briefing schedule so that the parties might fully complete the meet and confer process).

Second, as will be further briefed in the context of Plaintiff's class certification motion, contrary to Defendant's contentions' otherwise, the nature and scope of Defendant's purported defenses does not impact upon the class certification question. *See, e.g., Negrete v. Allianz Life Ins. Co.*, 238 F.R.D. 482, 489 (C.D. Cal. 2006) (on certification, the court decides neither the merits of the parties' claims or defenses nor "whether the plaintiffs are likely to prevail on their claims. Rather, the Court must determine whether plaintiffs have shown that there are plausible classwide methods of proof available *to prove their claims*.") (emphasis added).

Third, Plaintiff Bohn is not a mystery.  Plaintiff Bohn has responded to discovery requests – in fact, she has twice responded considering that she served amended responses to Defendant's interrogatories and requests for production following meet and confer discussions with Defendant.  Further, Plaintiff has demonstrated her adequacy as a class representative through her conduct thus far in this litigation (including responding to discovery responses) and has submitted a declaration in support class certification further setting forth the facts of her case, that she understands and is fully prepared to fulfill her duties as class representative and that her interests are aligned with the interests of the Class.  *See* Bohn Declaration (D.E. #61-22).  Moreover, whatever purported "mystery" there is regarding Defendant's premature and unsupported speculation regarding the impact of Plaintiff's employment as Registered Nurse on her ability to represent the Class, is not due to any conduct on Plaintiff's part.  Plaintiff has been available to be deposed since the opening of discovery, yet Defendant did not seek to set a date for her deposition until recently.  Nevertheless, Plaintiff Bohn

is traveling to Los Angeles on Monday, February 4, 2013, on the date that Defendant requested, to be deposed in this action.

Dated: January 31, 2013

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

/s/ Patricia N. Syverson

Elaine A. Ryan
Patricia N. Syverson
Lindsey M. Gomez-Gray
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
lgomez-gray@bffb.com
Telephone: (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Manfred Muecke
600 W. Broadway, Suite 900
San Diego, California 92101
mmuecke@bffb.com
Telephone: (619) 756-7748

STEWART M. WELTMAN LLC
Stewart M. Weltman
122 S. Michigan Avenue, Suite 1850
Chicago, IL 60603
sweltman@weltmanlawfirm.com
Telephone: (312) 588-5033
(Of Counsel Levin Fishbein Sedran & Berman)

LEVIN FISHBEIN SEDRAN & BERMAN
Howard J. Sedran
510 Walnut Street
Philadelphia, Pennsylvania 19106
hsedran@lfsblaw.com
T: (215) 592-1500
Attorneys for Plaintiff and the Class

# CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2013, I electronically filed the foregoing **PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR LEAVE TO FILE AN OVERSIZE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY CLASS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have served counsel for Defendant via electronic mail at the following e-mail addresses:

Rene P. Tatro
renetatro@ttsmlaw.com
Juliet A. Markowitz
jmarkowitz@ttsmlaw.com
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90071

Joseph M. Price
joseph.price@faegrebd.com
Bridget M. Ahmann
bridget.ahmann@faegrebd.com
Shane A. Anderson
shane.Anderson@faegrebdcom
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of January 2013.

                                                s/*Patricia N. Syverson*
                                                Patricia N. Syverson