Rene P. Tatro (State Bar No. 78383)
Juliet A. Markowitz (State Bar No. 164038)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA  90071
Telephone:   (213) 225-7171
Facsimile:    (213) 225-7151
Email:         renetatro@ttsmlaw.com
                   jmarkowitz@ttsmlaw.com

Joseph M. Price (*Admitted pro hac vice*)
Bridget M. Ahmann (*Admitted pro hac vice*)
Shane A. Anderson (*Admitted pro hac vice*)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN 55402-3901
Telephone:   (612) 766-3901
Facsimile:    (612) 766-1600
Email:         joseph.price@FaegreBD.com
                   bridget.ahmann@FaegreBD.com
                   Shane.Anderson@FaegreBD.com

Attorneys for Defendant Pharmavite LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| REBECCA BOHN, and CINDIE TRUJILLO, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>vs.<br><br>PHARMAVITE LLC, a California limited liability company,<br><br>                              Defendant. | Case No. 2:11-cv-10430-GHK-AGR<br><br>**PHARMAVITE LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>The Hon. George H. King |

Defendant, Pharmavite LLC ("Pharmavite"), hereby answers the Third

Amended Complaint ("TAC") filed by Plaintiffs Rebecca Bohn and Cindie Trujillo

as follows:

## NATURE OF ACTION

1.      Answering Paragraph 1, first sentence, Pharmavite admits that it manufactures, markets, sells and distributes Vitamin E dietary supplements under the brand name Nature Made®.  Pharmavite denies the second sentence of Paragraph 1. Answering Paragraph 1, third sentence, Pharmavite admits that the product packaging on each of the Vitamin E products identified in Paragraph 10 of the TAC, at least at one point in time, contained the words "Helps Maintain a Healthy Heart." Pharmavite denies the remaining allegations in Paragraph 1.

2.      Pharmavite denies the allegations in Paragraph 2.

3.      Pharmavite denies the allegations in Paragraph 3.

4.      Answering Paragraph 4, Pharmavite admits that Plaintiffs brings this action on behalf of themselves, that they purport to do so on behalf of other similarly situated consumers in the United States, and that they have asserted claims for purported violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, for purported violation of Cal. Civil Code §1750, for purported violation of 815 ILCS 505/1, *et seq.*, and for purported breach of express warranty.  Pharmavite denies the remaining allegations in Paragraph 4.

## JURISDICTION AND VENUE

5.      The allegations in Paragraph 5 raise a legal question to which no answer is needed.  Assuming these allegations raise factual issues for which an answer is appropriate, Pharmavite admits that Plaintiffs' allegations of a purported class action meet the requirements of federal diversity jurisdiction under 28 U.S.C. § 1332(d)(2), but Pharmavite denies the merits of Plaintiffs' allegations.

6.      Pharmavite admits the allegations in Paragraph 6.

## PARTIES

7.      Answering Paragraph 7, Pharmavite lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations therein.

2

8.      Answering Paragraph 8, Pharmavite denies the phrase "because the scientific evidence clearly establishes, and has for some time, that Vitamin E does not provide any heart health benefits."  Pharmavite lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 and, on that basis, denies the remaining allegations therein.

9.      Answering Paragraph 9, Pharmavite admits the allegations in the first sentence.  Answering Paragraph 9, second sentence, Pharmavite admits that its headquarters are at 8510 Balboa Boulevard, Northridge, CA 91325.  Answering Paragraph 9, third sentence, Pharmavite admits that from its headquarters it markets Vitamin E products.  Pharmavite denies the remaining allegations in Paragraph 9.

## FACTUAL ALLEGATIONS

10.   Pharmavite admits the allegations in Paragraph 10.

11.   Answering Paragraph 11, first sentence, Pharmavite admits that certain Nature Made® Vitamin E products are sold in several major food, drug, and mass retail outlets in the country.  Answering Paragraph 11, second sentence, Pharmavite admits that various Nature Made® Vitamin E products are available in various count bottles, and retail for various prices.  Answering Paragraph 11, third sentence, Pharmavite admits that the screen shots appear to be legitimate images of five Nature Made® Vitamin E product bottles.  Pharmavite denies the remaining allegations in Paragraph 10.

12.   Answering Paragraph 12, first sentence, Pharmavite admits that the product packaging on each of the Vitamin E products identified in Paragraph 9 of the TAC, at least at one point in time, contained the words "Helps Maintain a Healthy Heart." Pharmavite denies the remainder of the allegations in Paragraph 11.

13.   Answering Paragraph 13, Pharmavite denies the first sentence. Answering Paragraph 13, second sentence, Pharmavite admits that Vitamin E is a fat-soluble vitamin found in a variety of foods.  Pharmavite denies the remaining allegations of Paragraph 13.

14.   Pharmavite states that the articles Plaintiffs cite in Paragraph 14 speak for themselves and Pharmavite denies Plaintiffs' characterizations.  Pharmavite denies the remaining allegations in Paragraph 14.

15.   Pharmavite admits that the product packaging on each of the Vitamin E products identified in Paragraph 10 of the TAC, at least at one point in time, contained the words "Helps Maintain a Healthy Heart."  Pharmavite denies the remaining allegations in Paragraph 15.

16.   Pharmavite admits that the product packaging on each of the Vitamin E products identified in Paragraph 10 of the TAC, at least at one point in time, contained the words "Helps Maintain a Healthy Heart."  Pharmavite denies the remaining allegations in Paragraph 16.

17.   Answering Paragraph 17, Pharmavite admits that it has knowledge regarding the content and effects of the ingredients contained in Nature Made® Vitamin E products.  Pharmavite does not know what is meant by "specialized knowledge" and further does not know what is meant by "superior position" (particularly since the TAC does not explain to what or whom Phramavite's position purportedly is superior), and on that basis denies those allegations.

18.   Pharmavite denies the allegations in Paragraph 18.

19.   Pharmavite lacks sufficient knowledge or information to form a belief as to the truth of the allegations about Plaintiffs' conduct contained in Paragraph 19 and, on that basis, denies the allegations therein.  Pharmavite denies the remaining allegations in Paragraph 19.

20.   Pharmavite denies the allegations in Paragraph 20.

21.   Pharmavite denies the allegations in Paragraph 21.

## CLASS DEFINITION AND ALLEGATIONS

22.   The allegations in Paragraph 22 raise a legal question to which no answer is needed.  Assuming these allegations raise factual issues for which an answer is appropriate, Pharmavite admits that Plaintiffs purport to bring this action and seek

4

1    such certification, but denies the merits of Plaintiffs' request. Pharmavite denies that

2    Plaintiff Bohn, an Illinois resident, can state a claim for relief under California law.

3        23.   The allegations in Paragraph 23 raise a legal question to which no answer

4    is needed. Assuming these allegations raise factual issues for which an answer is

5    appropriate, Pharmavite admits that Plaintiff Trujillo purports to bring this action and

6    seek such certification, but denies the merits of Plaintiff's request.

7        24.   The allegations in Paragraph 24 raise a legal question to which no answer

8    is needed. Assuming these allegations raise factual issues for which an answer is

9    appropriate, Pharmavite admits that Plaintiff Bohn purports to bring this action and

10   seek such certification, but denies the merits of Plaintiff's request.

11       25.   Pharmavite lacks sufficient knowledge or information to form a belief as

12   to the truth of the allegations in Paragraph 25 and, on that basis, denies the

13   allegations therein. However, Pharmavite does not dispute that the element of

14   numerosity is satisfied as defined in Fed. R. Civ. Proc. 23.

15       26.   Pharmavite denies the allegations in Paragraph 26, including all subparts.

16       27.   Pharmavite denies the allegations in Paragraph 27.

17       28.   Pharmavite lacks sufficient knowledge or information to form a belief as

18   to the truth of the allegations in Paragraph 28 and, on that basis, denies the

19   allegations therein.

20       29.   Pharmavite denies the allegations in Paragraph 29.

21       30.   The allegations in Paragraph 30 raise a legal question to which no answer

22   is needed. Assuming these allegations raise factual issues for which an answer is

23   appropriate, Pharmavite admits that Plaintiffs purports to seek such relief, but denies

24   the merits of Plaintiffs' request.

25       31.   Pharmavite denies the allegations in Paragraph 31.

26       32.   Pharmavite denies the allegations in Paragraph 32.

27

28

# COUNT I

## Violation of Business & Professions Code § 17200, *et seq*.

33.   Pharmavite incorporates by reference and repleads all of the admissions, denials, and allegations contained in the paragraphs above.

34.   The allegations in Paragraph 34 raise a legal question to which no answer is needed.  Assuming these allegations raise factual issues for which an answer is appropriate, Pharmavite admits that Plaintiffs purports to so bring this claim, but denies the merits of Plaintiffs' request.

35.   Pharmavite denies the allegations in Paragraph 35.

36.   The first sentence of Paragraph 36 raises a legal question to which no answer is needed.  Pharmavite denies the remainder of the allegations in Paragraph 34.

37.   The first sentence of Paragraph 37 raises a legal question to which no answer is needed, but to the extent these allegations raise factual issues, Pharmavite denies these allegations.  Pharmavite denies the remainder of the allegations in Paragraph 37.

38.   Pharmavite denies the allegations in Paragraph 38.

39.   The first sentence of Paragraph 39 raises a legal question to which no answer is needed.  Assuming these allegations raise factual issues for which an answer is appropriate, Pharmavite admits that Plaintiffs so allege, but denies the merits of Plaintiffs' allegations.  Pharmavite denies the remainder of the allegations in Paragraph 39.

40.   Pharmavite denies the allegations in Paragraph 40.

41.   Paragraph 41 raises a legal question to which no answer is needed.

42.   Pharmavite denies the allegations in Paragraph 42.

43.   Pharmavite denies the allegations in Paragraph 43.

44.   Pharmavite denies the allegations in Paragraph 44.

45.   Pharmavite denies the allegations in Paragraph 45.

46.   Paragraph 46 raises a legal question to which no answer is needed. Assuming these allegations raise factual issues for which an answer is appropriate, Pharmavite admits that Plaintiffs purport to seek such relief, but denies the merits of Plaintiffs' request.

### COUNT II

### Violations of the Consumers Legal Remedies Act – Civil Code § 1750

47.   Pharmavite incorporates by reference and repleads all of the admissions, denials, and allegations contained in the paragraphs above.

48.   Paragraph 48 raises a legal question to which no answer is needed. Assuming these allegations raise factual issues for which an answer is appropriate, Pharmavite admits that Plaintiffs purport to so bring this claim, but denies the merits of Plaintiffs' request.

49.   Paragraph 49 raises legal questions to which no answer is needed. Assuming these allegations raise factual issues for which an answer is appropriate, Pharmavite admits that Plaintiffs purports to bring this claim pursuant to Cal. Civil Code § 1750, but denies the merits of Plaintiffs' claim.

50.   Pharmavite denies the allegations in Paragraph 50, including all subparts.

51.   Pharmavite denies the allegations in Paragraph 51.

52.   Paragraph 52 raises a legal question to which no answer is needed. Assuming these allegations raise factual issues for which an answer is appropriate, Pharmavite admits that Plaintiffs purport to seek such relief, but denies the merits of Plaintiffs' request.

53.   Pharmavite admits the allegations in Paragraph 53, except that the letter included *alleged* violations of § 1770 of the Act.

54.   Answering Paragraph 54, Pharmavite admits that it did not agree to the relief demanded by Plaintiff Bohn's December 16, 2011 letter, and denies the remaining allegations in Paragraph 54.

55.   Paragraph 55 raises a legal question to which no answer is needed. Assuming these allegations raise factual issues for which an answer is appropriate, Pharmavite denies that Plaintiffs attached Exhibit A to its TAC.

### COUNT III

### Violation of the Illinois Consumer Fraud Act

56.   Pharmavite incorporates by reference and repleads all of the admissions, denials, and allegations contained in the paragraphs above.

57.   Paragraph 57 raises a legal question to which no answer is needed. Assuming these allegations raise factual issues for which an answer is appropriate, Pharmavite denies all allegations (and notes that the citation provided by Plaintiffs does not support Plaintiffs' allegations regarding Illinois law).  Pharmavite further denies Plaintiffs' characterizations regarding the alleged similarities of the individual state's consumer fraud acts.

58.   Pharmavite denies the allegations in Paragraph 58.

59.   Answering Paragraph 59, Pharmavite admits that it has reason to believe that Nature Made® Vitamin E products are sold in Illinois.  Pharmavite denies the remaining allegations in Paragraph 59.

60.   Paragraph 60 raises a legal question to which no answer is needed. Assuming these allegations raise factual issues for which an answer is appropriate, Pharmavite denies all allegations (and notes that Plaintiffs have failed to provide a citation to an Illinois law that allegedly defines the term "consumer items").

61.   Pharmavite denies the allegations in Paragraph 61.

62.   Pharmavite denies the allegations in Paragraph 62.

63.   Pharmavite denies the allegations in Paragraph 63.

64.   Pharmavite denies the allegations in Paragraph 64.

65.   Pharmavite denies the allegations in Paragraph 65.

**PRAYER FOR RELIEF**

66.   Pharmavite denies that Plaintiffs are entitled to any of the relief requested.

**DEFENSES AND AFFIRMATIVE DEFENSES**

67.   Without suggesting or conceding that it has the burden of proof on any such defenses, Pharmavite alleges the following defenses and/or affirmative defenses to the TAC:

**FIRST DEFENSE**

(Failure to State a Claim)

68.   Plaintiffs' claims, and those of the purported class, fail to state facts sufficient to constitute a claim or claims against Pharmavite upon which relief can be granted.

**SECOND DEFENSE**

(Laches, Estoppel, and/or Unclean Hands)

69.   Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the doctrines of laches, estoppel and/or unclean hands.

**THIRD DEFENSE**

(Waiver)

70.   Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the doctrine of waiver.

**FOURTH DEFENSE**

(Statutes of Limitations)

71.   Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure §§ 337, 338, Business and Professions Code §§ 17200, *et seq.* and 17208, Cal. Civil Code § 1783 and 815 ILCS 505/10a(e).

**FIFTH DEFENSE**

(TAC Uncertain, Vague, and Ambiguous)

72.   The TAC and the allegations therein are uncertain, vague, and ambiguous.

**SIXTH DEFENSE**

(Failure to Plead Fraud/Misrepresentations with Particularity)

73.   Plaintiffs have failed to plead with particularity the circumstances constituting the alleged fraud/misrepresentations.

**SEVENTH DEFENSE**

(No Causation)

74.   To the extent that Plaintiffs and/or purported class suffered injury, ascertainable loss, or damage, which Pharmavite denies, such injury, ascertainable loss, or damage was not proximately caused by any conduct or inaction of Pharmavite, or was not foreseeable, or both.

**EIGHTH DEFENSE**

(Independent, Intervening, or Superseding Causes)

75.   Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because independent, intervening and superseding forces and/or actions of third parties or Plaintiffs or the purported class members proximately caused or contributed to their alleged losses or damages, if any, barring recovery from Pharmavite.

**NINTH DEFENSE**

(Comparative Fault)

76.   Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by their own comparative fault.

**TENTH DEFENSE**

(Contributory Negligence)

77.   Any and all events, happenings, injuries and damages set forth in the TAC were proximately caused and contributed to by the acts and/or omissions of Plaintiffs and/or members of the purported class, and such acts and/or omissions totally bar or reduce any recovery on the part of Plaintiffs and/or the purported class.

**ELEVENTH DEFENSE**

(Alleged Injury or Damage Caused by Others)

78.   To the extent that Plaintiffs and/or the purported class suffered injury or damage, which Pharmavite denies, such injury or damage was caused by the actions or conduct of others, not of Pharmavite.

**TWELFTH DEFENSE**

(Failure to Make Reasonable Efforts to Minimize Loss or Mitigate Damages)

79.   Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because Plaintiffs and/or the members of the purported class failed to act reasonably to minimize any loss, damages or harm that they suffered, and could have avoided such harm by making reasonable efforts or expenditures.

**THIRTEENTH DEFENSE**

(Right of Contribution/Off-set)

80.   If Plaintiffs and/or members of the purported class obtain a verdict against Pharmavite, then Pharmavite has a right of contribution against all other persons and entities whose negligence or fault contributed proximately to Plaintiffs' and the purported class members' damages, and is entitled to a finding of proportionate fault of all tortfeasors, including Plaintiffs and the purported class members, and is entitled to an offset for any amount attributable to those tortfeasors.

**FOURTEENTH DEFENSE**

(No Injury or Damage)

81.  Pharmavite denies that Plaintiffs, any member of the purported class, and/or any member of the general public, have suffered any injury or damage whatsoever, and further denies that Pharmavite is liable to any such persons for any injury or damage claimed or for any injury or damage whatsoever.

**FIFTEENTH DEFENSE**

(Damages Unavailable)

82.  The damages sought by Plaintiffs and/or the purported class under California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.* are not available as a matter of law.

**SIXTEENTH DEFENSE**

(Plaintiffs' Claims Barred)

83.  Plaintiffs' claim, and those of the purported class, that Pharmavite engaged in unfair conduct in violation of California Business & Professions Code §§ 17200, *et seq.*, is barred by other provisions of state law.

**SEVENTEENTH DEFENSE**

(Conduct Not "Unlawful" Under §§ 17200, *et seq.*)

84.  Pharmavite's business practices are not "unlawful" within the meaning of California Business & Professions Code §§ 17200, *et seq.*

**EIGHTEENTH DEFNENSE**

(Conduct Not "Unfair" Under §§ 17200, *et seq.*)

85.  Pharmavite's business practices are not "unfair" within the meaning of California Business & Professions Code § 17200, *et seq.* and the utility of such business practices outweighs any potential harm.

**NINETEENTH DEFENSE**

(Conduct Not Unfair, Deceptive, Untrue or Misleading Under 17200 and 17500)

86.   Pharmavite's advertising is not unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200 and 17500.

**TWENTIETH DEFENSE**

(Conduct Not "Unlawful" Under 815 ILCS 505/2)

87.   Pharmavite did not use or employ any deception, fraud, false pretense, false promise, misrepresentation or conceal, suppress or omit any material fact, within the meaning of 815 ILCS 505/2.

**TWENTY-FIRST DEFENSE**

(Conduct Not Knowingly Untrue or Misleading)

88.   Any statements made by Pharmavite were truthful and accurate and were not fraudulent or likely to mislead or deceive Plaintiffs or the purported class, or members of the general public.

**TWENTY-SECOND DEFENSE**

(Conduct Not Fraudulent or Misleading)

89.   The matters challenged by the TAC were neither known to Pharmavite to be, nor in the exercise of reasonable care should have been known to Pharmavite to be, untrue or misleading.

**TWENTY-THIRD DEFENSE**

(No Violation of the CLRA)

90.   The conduct alleged by Plaintiffs and the members of the purported class was not, and is not, in violation of the Consumer Legal Remedies Act, and therefore did not, and does not, violate California Business & Professions Code §§ 17200, *et seq.*

## TWENTY-FOURTH DEFENSE

(No Violation of the Illinois Consumer Fraud and Deceptive Businesses Act)

91.   The conduct alleged by Plaintiffs and the members of the purported class was not, and is not, in violation of the Illinois Consumer Fraud and Deceptive Businesses Act, and therefore did not, and does not, violate 815 ILCS 505/1, *et seq.*

## TWENTY-FIFTH DEFENSE

(Commercial Speech Protection)

92.   Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because the commercial speech of Pharmavite was not misleading and is protected under the First Amendment of the United States Constitution, the California Constitution, and the Illinois Constitution.

## TWENTY-SIXTH DEFENSE

(Lack of Substantiation Claim is Not Cognizable)

93.   Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because neither state nor federal law provides for a private right of action based upon a purported "lack of substantiation."

## TWENTY-SEVENTH DEFENSE

(No Standing – No Injury in Fact or Loss of Money or Property)

94.   Pharmavite alleges on information and belief that Plaintiffs and the members of the purported class have not sustained the required injury in fact and/or lost the requisite money or property necessary to confer standing pursuant to California Business & Professions Code §§ 17200, *et seq.*

## TWENTY-EIGHTH DEFENSE

(Lack of Article III Standing)

95.   Pharmavite alleges on information and belief that Plaintiffs and the members of the purported class lack standing under Article III of the United States Constitution.

**TWENTY-NINTH DEFENSE**

(Warranties Were Limited)

96.   As to those claims based upon a breach of warranty, Pharmavite expressly limited any express warranty and any implied warranty that may have otherwise been created or have been in existence.

**THIRTIETH DEFENSE**

(Failure to Notify of Breach of Warranty)

97.   As to those claims based upon a breach of warranty, Plaintiff failed to notify Pharmavite of any breach of warranty within a reasonable time after Plaintiff knew or should have known of any purported breach.

**THIRTY-FIRST DEFENSE**

(No Valid Warranty Claims)

98.   Plaintiff and the putative class do not have valid warranty claims against Pharmavite under the laws of California or Illinois because no actionable warranty existed between Plaintiff and Pharmavite, and, even if such warranty existed, it was not breached.

**THIRTY-SECOND DEFENSE**

(Product Misuse)

99.   Pharmavite alleges on information and belief that Plaintiffs' injuries, loss and/or damages, if any, allegedly sustained, were and are the result of the product's misuse by Plaintiffs and/or the failure of Plaintiffs to take the product as directed or indicated, which is excluded from warranties.

**THIRTY-THIRD DEFENSE**

(No Reliance)

100.  Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because Plaintiff and/or the members of the purported class did not rely or reasonably rely on the alleged statements or conduct of Pharmavite.

**THIRTY-FOURTH DEFENSE**

(Bona Fide Error)

101.  The claims of Plaintiff and the purported class are barred, in whole or in part, because, although Pharmavite denies each and every claim of Plaintiff and the purported class, and denies that Pharmavite engaged in wrongdoing or error of any kind, any alleged error on Pharmavite's part was a bona fide error notwithstanding Pharmavite's use of reasonable procedures adopted to avoid any such error.

**THIRTY-FIFTH DEFENSE**

(Full Performance of Any Duties)

102.  Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because Pharmavite fully performed any and all obligations pursuant to any contract, warranty, or statutory duty existing between the parties herein.

**THIRTY-SIXTH DEFENSE**

(Punitive Damages Unconstitutional)

103.  Plaintiffs' claims for punitive damages, and those of the purported class, are barred, in whole or in part, because a punitive damage award would violate the United States Constitution, the California Constitution, and the Illinois Constitution.

**THIRTY-SEVENTH DEFENSE**

(No Basis for Punitive Damages)

104.  Plaintiffs and the members of the purported class have failed to state a claim against Pharmavite upon which relief may be granted for punitive or exemplary damages.  No act or omission of Pharmavite was malicious, willful, wanton, reckless, outrageous, unconscionable, deliberately violent, grossly negligent, despicable, contemptible, with conscious disregard for the rights or safety of Plaintiffs, the members of the purported class or others, or with malice, fraud and/or oppression as defined in California Civil Code § 3294 or as required under Illinois law.  Pharmavite asserts any statutory or judicial protection from punitive damages, and any and all standards or limitations regarding the determination and

16

enforceability of punitive damages, as are available under California law and Illinois law.

### THIRTY-EIGHTH DEFENSE

(Equitable Relief – Remedies)

105.  Plaintiffs and the purported class are barred from asserting the claims for equitable relief alleged in the TAC because they have not suffered any irreparable injury, have adequate remedies at law and/or the equitable relief is neither necessary nor proper under applicable law.

### THIRTY-NINTH DEFENSE

(Mootness)

106.  The claims for injunctive relief or other equitable relief asserted by Plaintiffs and the purported class are barred as moot in whole or in part.

### FORTIETH DEFENSE

(No Claim for Fees, Costs and Interest)

107.  The TAC fails to state a claim against Pharmavite upon which relief may be granted as to costs, attorneys' fees, expenses, pre-judgment interest, post-judgment interest, disgorgement and restitution.

### FORTY-FIRST DEFENSE

(Lack of Personal Jurisdiction over Absent Purported Class Members)

108.  The TAC, and each of its purported causes of action, is barred, in whole or in part, by the Court's lack of personal jurisdiction over absent purported class members.

### FORTY-SECOND DEFENSE

(Improper Class Action)

109.  Plaintiffs' claims, and those of the purported class, are barred because this action is not properly maintainable as a class action as alleged by Plaintiffs.

**FORTY-THIRD DEFENSE**

(Scope of Class Unclear)

110.  The scope of the purported class as alleged is vague and uncertain, and thus the class is not ascertainable.  As such, this action is not properly maintainable as a class action.

**FORTY-FOURTH DEFENSE**

(Inability to Meet Requirements to Maintain Class Action)

111.  Plaintiffs cannot meet the requirements of Rule 23 of the Federal Rules of Civil Procedure (as well as the California Code of Civil Procedure § 382, California Civil Code § 1781 and ILL. ST. CH. 735 Act 5, Art. II, Pt. 8) and corresponding case law to maintain a class action in that common issues of law and fact do not sufficiently predominate, the purported class does not have sufficient commonality of injuries and damages, the named Plaintiffs do not adequately represent the purported class, there is no benefit to litigants and the court in bringing this action as a class action, and class action status is not superior to bringing this action in the normal course of the judicial system.

**FORTY-FIFTH DEFENSE**

(Improper Class Representative)

112.  Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because Plaintiffs are not proper class representatives.

**FORTY-SIXTH DEFENSE**

(No Rule 23(b)(2) Class)

113.  Plaintiffs, and the purported class, may not maintain a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure, pursuant to *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2557 (2011), because they specifically seek monetary damages based on purchases of Nature Made® Vitamin E products, which damages are not incidental to the injunctive relief sought.

**FORTY-SEVENTH DEFENSE**

(Assumption of Risk)

114.  Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because Plaintiffs and the members of the purported class assumed the risk for the matters alleged.

**FORTY-EIGHTH DEFENSE**

(Punitive Damages in Complaint Improper)

115.  Under Illinois law, no complaint can be filed with a prayer for relief seeking punitive damages.  735 ILCS 5/2-604.1.

**FORTY-NINTH DEFENSE**

(Further Defenses)

116.  Pharmavite reserves the right to allege further affirmative defenses as they may become known through the course of discovery.

**<u>PRAYER FOR RELIEF</u>**

117.  Wherefore, Pharmavite prays for judgment as follows:

    a.  That Plaintiffs and the purported class take nothing and that the Third Amended Complaint be dismissed with prejudice and that the Court enter judgment consistent therewith;

    b.  That no class be certified;

    c.  That Plaintiffs' requests for declaratory judgment, injunctive relief (including a corrective advertising campaign), restitution, disgorgement, statutory and punitive damages, other damages, attorneys' fees and costs be denied;

    d.  That Pharmavite be awarded its attorneys' fees and costs of suit in this matter; and

    e.  For such other and further relief as this Court may deem necessary, just and proper.

19

## **DEMAND FOR JURY TRIAL**

118.  Pursuant to Federal Rule of Civil Procedure 38(b), Pharmavite hereby demands a trial by jury of all issues triable of right by a jury.

Dated:  April 26. 2013          TATRO TEKOSKY SADWICK LLP


By:  ___*René P. Tatro*_____
      René P. Tatro, Esq.
      Attorneys for Defendant
      Pharmavite LLC

Dated:  April 26, 2013          FAEGRE BAKER DANIELS LLP


By:  _*/s/ Joseph M. Price*_____
      Joseph M. Price, Esq.
      Attorneys for Defendant
      Pharmavite LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of April, 2013, I electronically filed

## PHARMAVITE LLC'S ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Patricia N. Syverson, Esq.
Bonnett, Fairbourn, Friedman & Balint, P.C.
2325 E. Camelback Road, Ste 300
Phoenix, AZ  85016
psyverson@bffb.com

Stewart M. Weltman, Esq.
Steward M. Weltman, LLC
53 W. Jackson, Suite 364
Chicago, IL 60604
(Of Counsel Levin Fishbein Sedran & Berman)
sweltman@weltmanlawfirm.com

Olga Elkhunvoich, Esq.
Steven G. Sklaver, Esq.
Kalpana Srinivasan, Esq.
Marc M. Seltzer, Esq.
Susman Godfrey L.L.P.
1901 Avenue of the Starts, Suite 950
Los Angeles, CA 90067
mseltzer@susmangodfrey.com

Manfred Muecke, Esq.
BONNETT FAIRBOURN FRIEDMAN
 & BALINT, PC
600 W. Broadway, Ste 900
San Diego, CA  92101
mmuecke@bffb.com

Howard J. Sedran, Esq.
Levin Fishbein Sedran & Berman
510 Walnut Street
Philadelphia, PA  19106
hsedran@lfsblaw.com

 /s/ *Karen L. Roberts*
 Karen L. Roberts