René P. Tatro (State Bar No. 78383)
Juliet A. Markowitz (State Bar No. 164038)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA  90071
Telephone:   (213) 225-7171
Facsimile:   (213) 225-7151
Email:  renetatro@ttsmlaw.com
           jmarkowitz@ttsmlaw.com

Joseph M. Price (*Admitted pro hac vice*)
Bridget M. Ahmann (*Admitted pro hac vice*)
Shane A. Anderson (*Admitted pro hac vice*)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh St.
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile:  (612) 766-1600
Email:     Joseph.Price@FaegreBD.com
           Bridget.Ahmann@FaegreBD.com
           Shane. Anderson@FaegreBD.com

Attorneys for Defendant Pharmavite LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA BOHN and CINDIE TRUJILLO, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMAVITE LLC, a California limited liability company,<br><br>Defendant. | Case No. 2:11-cv-10430-GHK (AGRx)<br><br>**PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date:  No hearing – N/A<br>Time:  No hearing – N/A<br>Place: Courtroom 650<br><br>Hon. George H. King |

Tatro Tekosky Sadwick LLP
ATTORNEYS AT LAW

**PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**
**CASE NO. EDCV 2:11-cv-10430-GHK**

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................. 1

NEW EVIDENCE AT ISSUE ............................................................................... 2

PLAINTIFF'S CLAIM RE THE NEW EVIDENCE............................................. 2

PHARMAVITE'S SUR-REPLY RE THE NEW EVIDENCE ............................. 3

STATEMENT OF FACTS RE PLAINTIFF'S NEW EVIDENCE........................ 4

    Timing of the Purchase................................................................................ 4

    Plaintiff Likely Did Not Buy the Product. .................................................. 6

ARGUMENT RE NEW EVIDENCE ..................................................................... 9

    Plaintiff's Credibility Issues Mean Her Claims are Not Typical of
    Those of the Absent Class Members........................................................... 9

    If Plaintiff Did Not Purchase the Vitamin E, She Does Not Have
    Standing. .................................................................................................... 10

CONCLUSION..................................................................................................... 11

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

i

CASE NO. EDCV 2:11-cv-10430-GHK
PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PL'S REPLY IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION

# TABLE OF AUTHORITIES

<u>Page</u>

*Cases*

*Bailey v. Patterson*,
     369 U.S. 31 (1962) ..................................................................................... 11

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
     903 F.2d 176 (2d Cir.1990) ......................................................................... 4

*Guido v. L'Oreal, USA, Inc.*,
     2012 WL 2458118 (C.D. Cal. June 25, 2012) ............................................. 9

*Hanon v. Dataproducts Corp.*,
     976 F.2d 497 (9th Cir. 1992) ....................................................................... 4

*Karnuth v. Rodale, Inc.*,
     2005 WL 747251 (E.D. Pa. Mar. 30, 2005) ................................................. 9

*Kline v. Wolf*,
     702 F.2d 400 (2d Cir. 1983) ......................................................................... 9

*Orosco v. Napolitano*,
     598 F.3d 222 (5th Cir. 2010) ...................................................................... 11

*State Cases*

*Animal Legal Defense Fund v. Mendes*,
     160 Cal.App.4th 136 (2008) ...................................................................... 10

*Schauer v. Mandarin Gems of Cal.*, Inc.,
     125 Cal.App.4th 949,
     23 Cal.Rptr.3d 233, 241 (2005) ................................................................. 11

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

ii

**CASE NO. EDCV 2:11-cv-10430-GHK**
**PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

*Statutes*

815 Ill. Comp. Stat. 505/1(e). ........................................................................................ 10

Cal. Bus. & Prof. Code §§17200-17209 ...................................................................... 10

Cal. Civ. Code §§1750-1784 ....................................................................................... 10

Cal. Civ. Code § 1761(d) ............................................................................................. 10

Illinois Consumer Fraud and Deceptive Business Practices Act,
ILL. ST CH 815 § 505 ................................................................................................. 10

*Other*

Unfair Competition Law .............................................................................................. 10

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

iii

**CASE NO. EDCV 2:11-cv-10430-GHK**
**PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

## INTRODUCTION

Because there will be no hearing on Plaintiff's motion for class certification, Pharmavite LLC ("Pharmavite") requests leave to file a sur-reply to address new and critical evidence submitted by Plaintiff with her reply brief (Doc. 129) – evidence not produced to Pharmavite by Plaintiff Rebecca Bohn until *after* it had filed its opposition to Plaintiff's motion for class certification.

Plaintiff's newly produced evidence – and the latest version of "facts" she gives in connection with it – is a blatant and deliberate affront to the integrity of the very judicial process she attempts to invoke. The newest falsehoods of Plaintiff simply cannot go unexposed as this Court assesses the issue of whether or not a class (or classes) should be certified with Plaintiff as representative. As if answering that question was not already difficult enough, ***Plaintiff compounds the difficulty by now concocting a whole new version of events***. It is for that reason that Pharmavite seeks leave to address Plaintiff's new factual evidence (and the related legal implications of this newly produced evidence) only.

This evidence raises additional serious questions about Plaintiff's suitability as a class representative – particularly as to her standing, her credibility and whether her claims are typical of the absent class members. It demonstrates – at a minimum – the following:

- It is now a certainty that there will be *significant* defense issues at trial unique to Plaintiff that render her unable to satisfy the typicality requirement of Rule 23(a).
- More importantly, the new evidence shows that ***Plaintiff did not even purchase the Nature Made vitamin E at issue in this case.***

If Plaintiff did not purchase the vitamin E, she has no standing to serve as representative of any of the three proposed classes (even the Illinois class), and her motion for class certification must be denied. Pharmavite is not seeking leave to address any of the legal issues presented in Plaintiff's reply brief; Pharmavite seeks

1

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE
TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. EDCV 2:11-cv-10430-GHK

only to address Plaintiff's new evidence – and more specifically, to present the legal and factual response to Plaintiff's new evidence it would have presented at the hearing on this motion, if there were one.

## NEW EVIDENCE AT ISSUE

At no time before Pharmavite filed its Opposition to her motion for class certification did Plaintiff provide any documentary evidence whatsoever regarding the fact of, the timing of, or even the location of, her alleged purchase of the vitamin E product about which she is suing. Plaintiff did, however, provide extensive testimony about those supposed facts. When Pharmavite demonstrated in its Opposition that Plaintiff's testimony was false, her response was to produce new evidence not previously produced, and to concoct a whole new version of events.

The new evidence at issue is Exhibit 8 to the Declaration of Oleg Elkhunovich in Support of Plaintiff's Motion for Class Certification, bates stamped BOHN00032. Doc. 130 at 20. According to Plaintiff, Exhibit 8 is a "printed receipt of her purchase transaction" showing her purchase of Nature Made vitamin E from Costco, which she obtained from Costco after receiving Pharmavite's opposition brief. Plaintiff's Reply Brief, Doc. 129 at 14-15. For the Court's convenience, it is attached to the Declaration of Juliet A. Markowitz filed herewith ("Markowitz Decl.") as Exhibit 1. (Except as otherwise noted, all exhibits referenced herein are attached to the accompanying Markowitz Decl.).

## PLAINTIFF'S CLAIM RE THE NEW EVIDENCE

Plaintiff obtained the new evidence (the Costco receipt) to try to work around the inevitable conclusion that she was not a suitable class representative. That is, Pharmavite's Opposition demonstrated that Plaintiff failed to establish that her claims are typical of those of the proposed class members' claims because there are serious questions about the timing of her purchase. Plaintiff testified she bought Nature Made vitamin E at Costco in November or December 2011, literally weeks before she filed this lawsuit. However, as Pharmavite explained in its Opposition, "Pharmavite

2

Tatro Tekosky Sadwick LLP
ATTORNEYS AT LAW

PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE
TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. EDCV 2:11-cv-10430-GHK

did not sell this product to Costco after January 2009, and the last recorded sale of this product at the Costco where Bohn allegedly bought it was in May 2009, more than *two years* before Bohn's claimed purchase." Doc. 124 at 28.

To respond to these facts, Plaintiff obtained the new evidence from Costco, and relying thereon, stated as follows in her Reply:

> That Bohn did not recall the precise date on which she purchased a bottle of Vitamin E also does not raise a credibility issue that threatens to somehow derail the focus of the litigation. After Pharmavite asserted this for the first time in its opposition brief, an issue never raised during the parties' meet and confer, Bohn went to CostCo and obtained a printed receipt of her purchase transaction establishing the date of her purchase as February 2, 2009—well within the applicable statute of limitations. *See* Ex. 8 at BOHN00032.

Doc. 129 at 14-15.[1]

### **PHARMAVITE'S SUR-REPLY RE THE NEW EVIDENCE**

Plaintiff's new evidence, the Costco receipt, not only ***confirms***, as Pharmavite stated in its Opposition, that Plaintiff's sworn testimony regarding the timing of her purchase could not be truthful, but also raises additional important issues, including ***whether Plaintiff even bought the vitamin E (if she did not, it would mean she has no standing)***. Thus, as discussed below, Plaintiff's new evidence demonstrates that Plaintiff cannot establish that her claims are typical of those of the proposed classes,

---

[1] Plaintiff is incorrect that this issue was not raised during the parties' meet and confer. During the meet and confer about Plaintiff's motion for class certification, Pharmavite's counsel expressed their belief that Bohn is not an adequate or typical representative because she has serious credibility issues. Markowitz Decl., ¶ 6. Plaintiff's counsel did not inquire as to the specifics of the credibility issues; instead, she dismissed the suggestion entirely, declared that Bohn is credible, and moved on to other matters. *Id*. Regardless, this is not a legal dispute about which the parties could have attempted to reach agreement through a meet and confer process. It is a factual issue: are Bohn's deposition testimony and discovery responses about the timing of her purchase truthful, or not?

3

Tatro Tekosky Sadwick LLP
ATTORNEYS AT LAW

PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE
TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. EDCV 2:11-cv-10430-GHK

as required by Rule 23 of the Federal Rules of Civil Procedure. Typicality may be defeated where – as here – the class representative is subject to "'unique defenses which threaten to become the focus of the litigation.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 176, 180 (2d Cir.1990), *cert. denied*, 498 U.S. 1025, 111 S.Ct. 675, 112 L.Ed.2d 667 (1991)). *See also Hanon*, 976 F.2d at 508 (agreeing with other courts that "a named plaintiff's motion for class certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'") (*quoting Gary Plastic Packaging Corp.,* 903 F.2d at 180).

Moreover, Plaintiff's new evidence calls into question Plaintiff's standing – if not establishes that Plaintiff does not have standing at all – to assert the claims at issue in this case. Plaintiff cannot be appointed representative of classes of consumers when she herself is not a consumer and thus not even a member of any of the classes she seeks to represent.

## STATEMENT OF FACTS RE PLAINTIFF'S NEW EVIDENCE

*<u>Timing of the Purchase</u>*. Plaintiff's new evidence establishes that Plaintiff was not truthful in her sworn deposition testimony or in her sworn discovery responses about the timing of her purchase. While Plaintiff's reply attempts to downplay this as nothing more than Plaintiff "not recall[ing] the ***precise date*** on which she purchased a bottle of vitamin E" (Doc. 129 at 14, emphasis added), this is a gross understatement. Plaintiff has not merely forgotten the "precise date" of her purchase. She has not mis-recollected by a few days, a few weeks, or even a few months, the key event giving rise to her claim – her purported decision to buy Nature Made vitamin E based on the statement on the label that it "helps maintain a healthy heart." Plaintiff's version of events was wrong by ***almost three years*** (two years and nine or ten months, to be precise). What makes this all the more remarkable is that she explicitly anchored the

4

Tatro Tekosky Sadwick LLP ATTORNEYS AT LAW

PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. EDCV 2:11-cv-10430-GHK

1  purchase to the date of filing this suit.  There was not some inchoate "lack of
2  recollection;" there was a specific tie to a very important event: filing this suit.

3  Plaintiff was very explicit in her sworn deposition testimony that she purchased
4  (and used for 10-14 days) the Nature Made vitamin E in November or December
5  2011.  Exh. 2, Bohn Depo at 125:12-25.  She was also very specific that she discussed
6  her use of vitamin E with her friend and counsel Stewart Weltman "within the same
7  timeframe, within probably a week" of when she stopped taking the vitamin.  *Id*. at
8  149:1-4.  Plaintiff testified that "[i]t was a coincidence" that Weltman mentioned, at
9  one of the weekly dinners Plaintiff shares with Weltman, that he was investigating a
10 vitamin E lawsuit against Nature Made, given that she (who otherwise ***never*** takes
11 vitamins) had just started and stopped taking that very product.  *Id*. at 149:5–151:18.
12 Plaintiff testified that she spoke again with Mr. Weltman about the case two or three
13 days after that dinner (*id.* at 152:6-19), and decided to retain him to file this action in
14 December 2011 (*id*. at 167:3-8, 168:14-19).  Plaintiff filed her original complaint on
15 December 16, 2011.  Doc. 1.  She alleged therein that she purchased the vitamin E
16 "within the last year."  Doc. 1 at 3, ¶ 7.[2]

17 Thus, it is not the case that Plaintiff merely was mistaken about the "exact
18 date" of her purchase.  Her entire story falls apart in the face of the new evidence she
19 offers with her Reply brief that the vitamin E was actually purchased on February 2,
20 2009, ***2.75 years before these events took place***.  This difference of 2.75 years
21 between the actual purchase and Plaintiff's sworn testimony about the purchase is not
22 the stuff of memory error.  The magnitude of the discrepancy points toward a
23 deliberate fabrication by Plaintiff – conduct unquestionably inappropriate for
24 someone asking the Court to appoint her the representative of three classes of
25 purchasers from 17 different states (as further discussed below).

---

[2] Plaintiff also stated in sworn interrogatory responses dated November 5, 2012 (verified on January 29, 2013) that she purchased the vitamin E at Costco "within the last year."  Exh. 3, Bohn ROG Resp. at 6:11.

5

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE
TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. EDCV 2:11-cv-10430-GHK

***Plaintiff Likely Did Not Buy the Product***.  The new evidence that Plaintiff submitted with her reply brief also strongly suggests – if not proves – that ***Plaintiff did not even purchase the Nature Made vitamin E at issue in this case.***  Instead, her husband, Geoffrey Kern, did.  *See* Exh. 3, Bohn ROG Resp. at 3:24 (identifying Geoffrey Kern as Plaintiff's husband).  That is:

**1.**     We start with Plaintiff's sworn deposition testimony, that she was alone at Costco when she made the supposed purchase:

> Q     Was your husband with you when you bought the --
> A     No.
> Q     -- vitamin E?
> Q     Was anybody with you?
> A     No.

Exh. 2, Bohn Depo at 126:13-18.

**2.**     The name listed on the February 2, 2009 Costco receipt is Geoffrey Kern, not Plaintiff Rebecca Bohn.  *See* Exh. 1.  Thus Geoffrey Kern, not Plaintiff, purchased the Nature Made vitamin E.

**3.**     The Costco membership number on the receipt, 000941695173000, ***is not Plaintiff's Costco membership number***.  *See* Exh. 1.  It is Geoffrey Kern's number.  *Id*.  Plaintiff has her own Costco membership number, which ***differs*** from her husband's.  *Compare* Exh. 2, Bohn Depo at 113:22–114:7 (Plaintiff's number) *with* Exh. 1 (her husband's number).[3]  Thus, the vitamin E was not purchased using ***Plaintiff's*** Costco membership card/American Express card, as she testified in deposition.  *See* Exh. 2, Bohn Depo at 129:19-22.  According to Plaintiff's new evidence, the vitamin E in fact was purchased using Geoffrey Kern's "AMEX Card," bearing his different and unique Costco membership number.  *See* Exh 1.

---

[3] Plaintiff has an American Express card bearing her name and listing her Costco membership number on the back.  Exh. 2, Bohn Depo at 113:22–114:7.  Plaintiff pulled it out of her wallet during her deposition to provide her Costco number.  *Id*.  It is a combination Costco membership card and American Express card.  *Id*.

6

PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE
TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. EDCV 2:11-cv-10430-GHK

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

**4.** Costco requires members' photographs to appear on their membership cards, which must be shown upon entering the store and at checkout. Markowitz Decl., Exh. 4, http://www.costco.com/member-privileges-conditions.html. Costco cards are not transferrable – they may be used only by the member whose name, number and picture appear on the card. *Id*. Accordingly, Plaintiff could not have purchased the vitamin E using her husband's Costco membership/American Express card.[4]

**5.** As noted above, Plaintiff testified under oath that she was shopping ***alone*** when she saw the vitamin E on the Costco shelf (Exh. 2, Bohn Depo at 126:13-18) and decided, "on an impulse," to buy it because of the "maintains heart health" statement on the label (*id*. at 111:10-22). Plaintiff testified that she was ***not*** shopping with her husband. *Id*. at 126:13-18. Plaintiff specifically recalled this solo trip to Costco precisely because she so rarely shops there. *Id*. at 126:1-4. Plaintiff's testimony was unequivocal regarding these "facts. But these "facts" are false.

**6.** Plaintiff further testified under oath that the reason she was in the vitamin and supplement section of Costco was to look for a calcium supplement. Exh. 2, Bohn Depo at 111:23-25, 113:4-15 ("I was looking there at the calcium, … and then I saw that [vitamin E] and I thought hey, maybe I will try this."). Plaintiff testified –***again, falsely*** – that she bought ***both*** Nature Made calcium with vitamin D and Nature Made vitamin E during her alleged visit to Costco. *Id*. at 131:10-12 ("the Nature Made calcium with D was purchased at the same time that I got the E, so that was within the last year."). However, the new evidence disproves her sworn testimony yet again. ***Nature Made calcium is not on the Costco receipt***. *See* Exh. 1. It was not purchased together with the Nature Made vitamin E, as Plaintiff testified.

**7.** What was purchased together with the vitamin E, however, was Nature Made Super B Complex, according to the new evidence. *See* Exh. 1. ***Plaintiff Bohn,***

---

[4] It would make no sense for her to do so, in any event, since she carries her own Costco/American Express card in her wallet. Exh. 2, Bohn Depo at 113:22–114:7.

7

PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. EDCV 2:11-cv-10430-GHK

Tatro Tekosky Sadwick LLP
ATTORNEYS AT LAW

1  *however, has never taken vitamin B in her life* – in fact, other than the Nature Made
2  vitamin E at issue in this case, she has never taken *any other* vitamins or supplements
3  except calcium (which she took for about a week) and an Emergen-C product
4  containing calcium, vitamin C and vitamin D. Exh. B, Bohn Depo at 40:22-41:7,
5  107:12-22. Plaintiff has never taken a multivitamin in her life, and with respect to
6  vitamin B in particular, does not even know its benefits. *Id*. at 41:15–42:5.
7  Accordingly, the fact that whoever purchased the vitamin E on February 2, 2009 also
8  purchased vitamin B complex is further evidence that Plaintiff did not make the
9  purchase (and thus is not a member of any class she purports to represent), and that
10 her husband did.

11      **8.**     The new evidence further reveals that the purchaser of the vitamin E
12 and the vitamin B complex also purchased a *men's* dress shirt (Tommy Bahama) and
13 a *men's* Swiss military watch. *See* Exh. 1. This further supports the conclusion that
14 Geoffrey Kern, not Plaintiff, was the one who made the purchases (including the
15 Nature Made vitamin E) at Costco on February 2, 2009.

16      **9.**     Plaintiff testified that her husband is usually the one to shop at Costco,
17 not her. Exh. 2, Bohn Depo at 126:3-4. This is consistent with Geoffrey Kern having
18 purchased the vitamin E on February 2, 2009, not Plaintiff.

19      **10.**    Plaintiff testified under oath that after she stopped taking the vitamin E
20 – which she took for ten days or two weeks (Exh. 2, Bohn Depo at 137:18-20) – she
21 immediately put the bottle in the sauna in her home, which she uses for storage (*id*. at
22 136:1-17). However, if this were true, then only 10 to 28 softgels would have been
23 missing from her bottle, depending on whether she took one or two softgels each of
24 the ten to fourteen days. However, out of the 350 count bottle she purchased and
25 brought to her deposition (*id.* at 124:16-18, 136:23–137:17), only about 232 gelcaps
26 remained; approximately 118 were gone. Markowitz Decl. ¶ 7. This unquestionably
27 is inconsistent with Plaintiff's sworn testimony, and further suggests that the vitamin
28

8

PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE
TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. EDCV 2:11-cv-10430-GHK

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

E was purchased and used by her husband, Geoffrey Kern, when he bought it in February 2009.

## ARGUMENT RE NEW EVIDENCE

***Plaintiff's Credibility Issues Mean Her Claims are Not Typical of Those of the Absent Class Members***.  The new evidence submitted by Plaintiff with her reply brief demonstrates that there are ***even more significant*** unique defenses to Plaintiff's claims in this case than addressed in Pharmavite's opposition brief – defenses far more complicated than whether Plaintiff accurately recalls the "precise date" of her alleged purchase of Nature Made vitamin E.  As the court aptly summarized in *Karnuth v. Rodale, Inc.*, 2005 WL 747251 (E.D. Pa. Mar. 30, 2005):

> Where the proposed representative's credibility is subject to attack, unique defense problems are presented. [Citation.] Accordingly, where a class representative's credibility is in serious question, class certification may be denied. [Citations.] A proposed representative's credibility problem could divert the jury's "attention from the substance of the basic claim" and thus harm "the remaining class members." [Citation.]  To deny certification, a court need not conclude that credibility problems would ultimately defeat the class representative's claim; rather, the court may deny class treatment if that unique defense is even arguably present.  [Citations.]

*Id.* at *3 (citations omitted).  Thus, for example, in *Kline v. Wolf*, 88 F.R.D. 696 (S.D.N.Y.1981), *aff'd*, 702 F.2d 400 (2d Cir.1983), the court denied class certification because doubts about plaintiffs' credibility "raise[d] an unnecessary and vulnerable issue ... to which the ultimate interest of the purported class should not be subjected" and which "could ... become the focus of the litigation." 88 F.R.D. at 700.  Similarly, Judge Snyder recently held that two class representatives failed to prove typicality where one initially testified that she threw all the bottles of her purchased products away, but later produced a photograph of one of the bottles.  *Guido v. L'Oreal, USA, Inc.*, 2012 WL 2458118 at *4 (C.D. Cal. June 25, 2012).  As Judge Snyder

9
**PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. EDCV 2:11-cv-10430-GHK**

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

held, "[t]he discrepancies between [the named plaintiff's] deposition testimony and the newly produced evidence threaten to undermine her credibility, providing an alternative basis for the conclusion that her claims are atypical." *Id.*

### *If Plaintiff Did Not Purchase the Vitamin E, She Does Not Have Standing.*

Not only does Plaintiff's new evidence raise credibility/typicality issues, it raises a serious (and potentially dispositive) question about Plaintiff's standing to assert the claims in this case, or to serve as a representative of three classes of purchasers from 17 states.

Only a "consumer" can bring an action under the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§1750-1784.  A "consumer" is defined as "an individual who seeks or acquires ... any goods or services for personal, family, or household purposes." Cal. Civ. Code § 1761(d).   The Illinois Consumer Fraud and Deceptive Business Practices Act, ILL. ST CH 815 § 505, similarly defines consumer to mean "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 Ill. Comp. Stat. Ann. 505/1(e).  Likewise, the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17209, requires a plaintiff to allege and prove he or she "has lost money or property as a result of" the defendant's unfair, unlawful or fraudulent conduct. *See* Cal. Bus. & Prof. Code § 17204.   A private action under the UCL must "disclose[ ] a clear requirement that injury must be economic, at least in part, for a plaintiff to have standing. . . ." *Animal Legal Defense Fund v. Mendes,* 160 Cal.App.4th 136, 147 (2008) ("'moral injury[ ]'" resulting from the defendants' alleged "violation of anticruelty laws in raising the calves" could not support UCL action because the plaintiffs did not purchase "dairy products that were . . . of inferior quality").

If Plaintiff did not purchase the Nature Made vitamin E at issue in this case, she unquestionably does not have standing to bring the claims asserted in this action, nor does she have standing to represent classes of purchasers of the product.  *See,*

10

Tatro Tekosky Sadwick LLP
ATTORNEYS AT LAW

PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE
TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. EDCV 2:11-cv-10430-GHK

*e.g., Orosco v. Napolitano*, 598 F.3d 222, 227 (5th Cir. 2010) (affirming denial of class certification on ground that "[a] plaintiff cannot represent a class of whom he is not a part.") (*citing Bailey v. Patterson*, 369 U.S. 31, 32 (1962)).  Nor does the fact that her husband purchased the Nature Made vitamin E allow Plaintiff to bring these claims or act as a class representative.  California courts have recognized that a plaintiff who is merely the wife of the consumer who made a purchase does not have standing to assert a claim under the CLRA with respect to her husband's purchase of the product.  *See Schauer v. Mandarin Gems of Cal.*, Inc., 125 Cal.App.4th 949, 23 Cal.Rptr.3d 233, 241 (2005) (divorced wife who sued jeweler, alleging that jeweler sold inferior engagement ring to husband who gave it to wife, had no standing to assert a claim under the CLRA as the husband, not divorced wife, was the consumer in the transaction).

## CONCLUSION

For the foregoing reasons, Pharmavite respectfully requests that the Court permit the filing of the sur-reply submitted herewith, and deny Plaintiff's motion for class certification.

Dated:  June 24, 2013         TATRO TEKOSKY SADWICK LLP

                              By:___/s/ *René P. Tatro*_____
                                  René P. Tatro, Esq.
                                  Attorneys for Defendant
                                  Pharmavite LLC

Dated:  June 24, 2013         FAEGRE BAKER DANIELS LLP

                              By:___/s/ *Joseph M. Price*_____
                                  Joseph M. Price, Esq.
                                  Attorneys for Defendant
                                  Pharmavite LLC

11
PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE
TO PL'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. EDCV 2:11-cv-10430-GHK

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2013, I electronically filed

# **PHARMAVITE LLC'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Patricia N. Syverson, Esq.
Bonnett, Fairbourn, Friedman & Balint, P.C.
2325 E. Camelback Road, Ste 300
Phoenix, AZ  85016
Fax: (602) 274-1199
psyverson@bffb.com

Stewart M. Weltman, Esq.
Steward M. Weltman, LLC
53 W. Jackson, Suite 364
Chicago, IL 60604
(Of Counsel Levin Fishbein Sedran & Berman)
sweltman@weltmanlawfirm.com

Olga Elkhunvoich, Esq.
Steven G. Sklaver, Esq.
Kalpana Srinivasan, Esq.
Marc M. Seltzer, Esq.
Susman Godfrey L.L.P.
1901 Avenue of the Starts, Suite 950
Los Angeles, CA 90067
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Howard J. Sedran, Esq.
Levin Fishbein Sedran & Berman
510 Walnut Street
Philadelphia, PA  19106
Fax: (215) 592-4663
hsedran@lfsblaw.com

_/s/ *Karen L. Roberts*__
Karen L. Roberts