E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10430-GHK (AGRx) | Date | October 8, 2013 |
|---|---|---|---|
| Title | *Rebecca Bohn v. Pharmavite, LLC* | | |

**Presiding: The Honorable**   **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order re:** Plaintiff's Motion for Leave to Amend the Complaint and to Continue the Schedule [Dkt. No. 161]

This matter is before us on Plaintiff's Motion for Leave to Amend the Complaint and to Continue the Schedule ("Motion"). We have reviewed the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.   Background**

On December 16, 2011, Plaintiff Rebecca Bohn ("Plaintiff") filed a putative class action against Defendant Pharmavite, LLC ("Defendant"). She principally alleged that the Defendant falsely represents that its Vitaman E products "hel[p] maintain a healthy heart." (Compl. ¶ 1).

After the Parties' meet and confer in February 2013 regarding Plaintiff's pending class certification motion, Plaintiff moved to file a Third Amended Complaint ("TAC") to add Cindie Trujillo as a named plaintiff. We granted the motion on April 1, 2013. [Dkt. No. 103]. While the class certification motion was pending, however, Trujillo withdrew as a plaintiff. [Dkt. No. 123]. Thereafter, on August 7, 2013, we denied Plaintiff's Motion for Class Certification because Bohn "cannot adequately represent the class, given her inconsistent testimony regarding her purchase, her failure to conduct basic due diligence, and her close personal friendship with [one of the proposed Class Counsel]." [Dkt. No. 157 at 6].

Although this Court's Scheduling Order set a deadline of September 4, 2012 for motions to amend the complaint [Dkt. No. 55 at ¶1], in light of our August 7, 2013 ruling, Plaintiff now requests leave to make a third attempt to identify a suitable class representative and thereafter file a renewed motion for class certification. This matter is therefore before us on Plaintiff's motion for leave to amend

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10430-GHK (AGRx) | Date | October 8, 2013 |
|---|---|---|---|
| Title | *Rebecca Bohn v. Pharmavite, LLC* | | |

the complaint and substitute Noah Bradach ("Bradach") as the class representative.[1] The amended complaint does not substantively change the class allegations.[2]

## II.  Discussion

### A.  Legal Standard

A party seeking to file an amended complaint after the deadline in a court's pretrial scheduling order, as here, must satisfy Federal Rule of Civil Procedure 16(b).  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  Pursuant to Federal Rule of Civil Procedure 16, a pretrial scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The moving party bears the burden of proving good cause.  *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).   We evaluate whether the proposed amendment would be proper under Rule 15(a) only if good cause is established for relief from the Scheduling Order.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

Good cause to modify the pretrial schedule exists where any of the schedule's deadlines "cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.* at 609 (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)).  "If [the moving] party was not diligent, the inquiry should end."  *Id*.  "Central to the required showing of diligence is whether the movant discharged her obligation under Rule 16 to collaborate with the district court in managing the case." *Jackson v. Laureate*, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citation omitted).  Thus, a party seeking to amend a scheduling order for good cause may be required to show that she had diligently assisted the court to create a workable schedule at the outset of litigation; that the scheduling order creates deadlines that have become impracticable, notwithstanding her diligent efforts to comply with the schedule, due to the development of matters that could not have been reasonably anticipated at the time of the scheduling conference; and that she was diligent in seeking the modification once it became apparent that it was necessary.  *See id*. at 608.  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Johnson*, 975 F.2d at 609.

### B.  Plaintiff's Diligence

Plaintiff contends that she satisfies Rule 16(a)'s good cause standard because the instant Motion was filed in the immediate aftermath of this Court's Order denying class certification on the basis of

---

[1] In the alternative, Plaintiff requests a 60-day continuance to allow the proposed new plaintiff to file a motion to intervene pursuant to Rule 24.

[2] Plaintiff's TAC complaint asserts three claims: (1) violation of California's Unfair Competition Law ("UCL"); (2) violation of California's Consumer Legal Remedies Act ("CLRA"); and (3) violation of the Illinois Consumer Fraud Act ("ICFA").  (TAC ¶¶ 36, 49, 57).  Because Bradach is a California resident, the proposed amended complaint eliminates the claim under the ICFA and only states California law claims.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10430-GHK (AGRx) | Date | October 8, 2013 |
|---|---|---|---|
| Title | *Rebecca Bohn v. Pharmavite, LLC* | | |

Bohn's inadequacy as a class representative. Plaintiff undeniably has worked swiftly to find a new class representative since our August 7, 2013 Order. But this diligence is a recent development, and August 7 through August 21 of this year is not the only relevant timeline for measuring Plaintiff's diligence for purposes of this Motion. Instead, Plaintiff's diligence since the first filing of the complaint must be examined, because Plaintiff was "obligated to know at that time whether [Bohn] adequately represented the claims [she] brought in that complaint." *See Soto v. Castlerock Farming and Transport, Inc.*, 2011 WL 3489876, at \*7 (E.D. Cal. 2011) (citing Fed. R. Civ. P. 11(b)(3)); *In re Flash Memory Antitrust Litigation*, 2010 WL 2332081, at \*17 (N.D. Cal. June 9, 2010) ("It is axiomatic that Plaintiffs should have made a preliminary determination that each of their representatives actually [was adequate]. Such an inquiry should have been conducted at the inception of the litigation, not years after the action had commenced.").

As we determined in our last Order, Bohn is an inadequate class representative because of "her inconsistent testimony regarding her purchase, her failure to conduct basic due diligence, and her close personal friendship with [proposed Class Counsel]." [Dkt. No. 157 at 6]. These underlying facts about Bohn's credibility do not constitute "matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Jackson*, 186 F.R.D. at 608. On the contrary, had Counsel been diligent in investigating Bohn's allegations from the outset, he would have been alerted to Bohn's inadequacies and could have timely taken the necessary steps to find a substitute class representative. Counsel's blind faith in Bohn's adequacy is an insufficient justification for failing to find an appropriate class representative by the Scheduling Order's deadline, because "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Moreover, that this is the third attempt to find a viable class representative "demonstrate[s] little care in the selection of adequate and typical class representatives." *See In re Milk Products Antitrust Litigation*, 195 F.3d 430, 438 (8th Cir. 1999). Counsel's negligence in prosecuting this class action is not good cause to modify our Scheduling Order. *See In re Milk Products Antitrust Litigation*, 195 F.3d at 433, 438 (upholding district court's denial of leave to amend complaint for the third time more than a year after the filing of the complaint because "[a]fter [such an] extended amount of elapsed time, Plaintiffs' present realization that their lone named complainant may not qualify as a class representative does not establish good cause"); *Lidie v. State of Cal.*, 478 F.2d 552 (9th Cir.1973) ("[W]here the original plaintiffs were never qualified to represent the class," a motion to add a new named plaintiff "represents a back-door attempt to begin the action anew, and need not be granted."); *Osakan v. Apple American Grp.*, 2010 WL 1838701, at \*3-4 (N.D. Cal. May 5, 2010) (denying leave to amend where plaintiff should have been aware of representative's infirmities despite defendants' non-responsiveness during discovery because "[t]he burden of preparing [the] case for trial is on Plaintiff").

In arguing that leave to amend is appropriate here, Plaintiff chiefly relies on cases in which courts granted leave to amend either under Rule 15(a)'s much more permissive standard or after class certification. Because these cases are procedurally distinguishable, they are inapposite. Plaintiff also cites three cases in which judges granted leave to amend *sua sponte* in their denials of class certification: *Weiner v. Dannon Co., Inc.,* 255 F.R.D 658 (C.D. Cal. 2009); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466 (C.D. Cal. 2012); and *Tomes v. Gordon & Berger, P.C.*, 2004 WL 614525 (N.D. Ill., March

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10430-GHK (AGRx) | Date | October 8, 2013 |
|---|---|---|---|
| Title | *Rebecca Bohn v. Pharmavite, LLC* | | |

10, 2004). Because the plaintiffs in these cases did not affirmatively seek leave to amend and did not make a Rule 16 showing of good cause, these cases are of little help to Plaintiff.

Plaintiff cites only two cases in which leave to amend was granted under Rule 16(b) prior to class certification: (1) *In re Lutheran Brotherhood Variable Ins. Prods. Co. Sales Practices Litig.*, 2002 WL 31371945 (D. Minn. Oct. 7, 2002); and (2) *Florida Pediatric Soc'y v. Sec'y of Florida Agency for Health Care Admin.*, 2008 WL 4072805 (S.D. Fla. July 30, 2008). But Plaintiff's reliance on these cases is also unavailing; neither of them counsel toward a finding of good cause here.

In *Lutheran Brotherhood*, the plaintiffs sought to add class representatives after the court had determined that the claims of ten of the eleven representatives were time barred. 2002 WL 31371945 at *1. The court found good cause to modify the scheduling order and add new plaintiffs because the court's ruling as to when the applicable statute of limitations began "was not so foreseeable" as to put the plaintiffs on notice that the class representatives were inadequate. 2002 WL 31371945 at * 6. By contrast, our finding that Bohn is an inadequate class representative did not turn on a complex question of law but on basic facts that should have been readily apparent to Plaintiff. Accordingly, unlike the order that precipitated the addition of class representatives in *Lutheran Brotherhood*, the facts that drove our August 7 Order were known, or could have been readily ascertained, had Plaintiff and her counsel exercised due diligence in the preliminary investigation of this action.

*Florida Pediatric* is similarly distinguishable. The court allowed additional plaintiffs to intervene after the scheduling deadline because the plaintiffs "were diligent in filing [their] Motion when it became apparent that there were issues with class representation." 2008 WL 4072805 at *6. The plaintiffs in that case sought to add new class representatives while the motion for class certification was still pending and as soon as the defendants pointed out the problems with the current representatives. *Id.* at *2. In stark contrast, here, Plaintiff did not move to amend until after we denied class certification; she pressed on with her Motion for Class Certification even after Defendant had explicitly raised issues with Bohn's credibility in its Opposition.

Plaintiff has not made the requisite threshold showing of diligence, and her Motion therefore fails. *See Johnson*, 975 F.2d at 609 ("If [the moving] party was not diligent, the inquiry should end."). Plaintiff suggests, however, that good cause exists for two additional reasons: (1) substituting Bradach as the named plaintiff is in the interest of judicial economy, and (2) substituting Bradach is necessary to protect the rights of the absent class members. Neither argument is well taken.

Although the practical reality is that Bradach will likely file a new action should we deny this Motion, possibly resulting in duplicative litigation, this is an insufficient reason for finding good cause under Rule 16(b) absent a showing of diligence by the moving party. "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* at 610 (quoting *Gestetner Corp.*, 108 F.R.D. 138, 141 (D. Me. 1985)). If judicial economy concerns alone were enough to establish good cause, Rule 16(b) would largely become a nullity. Accordingly, although "Plaintiff['s] counsel remains free to file a new case on behalf of [Bradach], . . . the Court will

Case 2:11-cv-10430-GHK-AGR   Document 170   Filed 10/08/13   Page 5 of 6   Page ID #:3163

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10430-GHK (AGRx) | Date | October 8, 2013 |
|---|---|---|---|
| Title | *Rebecca Bohn v. Pharmavite, LLC* | | |

not permit amendments that amount to a 'back-door attempt to begin the action anew' where, in all likelihood, 'the original plaintif[f] [was] never qualified to represent the class." *See Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838, at *4 (C.D. Cal. 2009).

Finally, Plaintiff's argument regarding the rights of the absent class members also lacks merit. Because we denied Plaintiff's motion for class certification, this is now an individual action. The rights of the former putative class members are therefore not implicated inasmuch as this is not a class action. In any event, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits. . . ." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983) (citations omitted).

  **C.  Prejudice to Defendant**

Prejudice to the non-moving party is always a significant consideration when evaluating motions to amend. *See Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003). Although the moving party's lack of diligence is itself a sufficient reason to deny under Rule 16(a), "the existence or degree of prejudice to the party opposing the modification" may provide "additional reasons to deny" the motion. *See Johnson*, 975 F.2d at 609.

Here, given that Plaintiff's Motion comes on of the eve of the Parties' summary judgment deadline and several months after the close of discovery, allowing Plaintiff to substitute a new class representative would cause Defendant undue prejudice. Defendant has been preparing its defense based on Bohn and has conducted significant discovery that is specific to Bohn. Granting Plaintiff's Motion "would effectively moot the Plaintiff-specific work" Defendant has completed. *Hitt v. Arizona Beverage Co., LLC*, 2009 WL 4261192, at *6 (S.D. Cal. Nov. 24, 2009).

Moreover, letting Plaintiff "'swap out' [a] class representativ[e] at this juncture would require Defendan[t] to conduct new and/or additional discovery that would not otherwise have been required had Plaintif[f] joined the appropriate representativ[e] in the first instance." *In re Flash Memory Antitrust Litigation*, 2010 WL 2332081, at *17 (N.D. Cal. June 9, 2010). Plaintiff's assertion that Defendant would not be prejudiced because the underlying claims will not change or enlarge in scope is unpersuasive. Even though the claims remain the same, Defendant would have to assess Bradach's adequacy and the typicality of his claims to defend against Plaintiff's renewed motion for class certification. *See Soto v. Castlerock Farming and Transport, Inc.*, 2011 WL 3489876, at *6 (E.D. Cal. Aug. 9, 2011). This would necessarily require additional discovery and is "precisely the sort of prejudice that justifies the denial of a motion to amend." *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999); *see also Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir. 1999). Accordingly, above and beyond Plaintiff's lack of good cause under Rule 16(b), prejudice to Defendant warrants denial of Plaintiff's Motion.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10430-GHK (AGRx) | Date | October 8, 2013 |
|---|---|---|---|
| Title | *Rebecca Bohn v. Pharmavite, LLC* | | |

### III. Conclusion

In light of the foregoing, we **DENY** Plaintiff's Motion.  We also **DENY** Plaintiff's alternative request for a 60-day continuance to allow Bradach to file a motion to intervene.  If Bradach wants to file a motion to intervene, he is free to do so.  Before filing such motion, however, we encourage counsel to take care to ensure that there are adequate grounds for intervention in this case.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |